MARTHA M. WALSH, Respondent, v. JOHN L. KEOGH et al., Appellants.

Fourth Department, July 8, 1953.

*Mark N. Turner* and *Thomas J. Kelly* for appellants.

*John L. Barrett* for respondent.

PIPER, J.   The plaintiff has recovered a judgment against the defendants which determined that a deed executed by plaintiff, as grantor, to the defendant Boeckel, as grantee, was executed under a mistake of fact and was null and void.   The complaint alleges misrepresentation on the part of defendants' counsel to plaintiff's counsel in describing unpaid taxes and further alleges that both plaintiff and defendants through their attorneys acted under a mistake of fact and law.

On October 18, 1951, defendants' counsel wrote plaintiff's counsel as follows:

"We noticed from the Surrogate's records that you represent the Estate of Allen A. Bauer, who died on August 10, 1951 and who left him surviving Martha W. Walsh, sister.

"Your petition recites that the decedent was the owner of an undivided one-half interest in 758 Amherst Street and 58 Fairchild Street.

"Mrs. Walsh evidently has or is abandoning the property on Great Arrow Avenue between Elmwood Avenue and Lincoln Parkway.

"We understand that the back taxes on the said property amount to approximately $13,000.00.

"We have a client who is interested in the said property and even though there is no equity in the same, he feels that he might be able to salvage a couple of hundred dollars.

"Do you think it is possible to get a quit-claim deed from Mrs. Walsh of said property?"

Later, through their respective counsel the plaintiff agreed to give a deed to defendant Boeckel for $100.   Plaintiff's counsel prepared a deed, but it did not describe all the premises and defendants' counsel then prepared a deed with the correct description and mailed it to plaintiff's counsel November 29, 1951.   The deed was executed by plaintiff December 5, 1951, and was delivered to defendants' counsel a few days later.

While there is no direct proof of the fact in the record, we infer that shortly after plaintiff executed the deed she received an offer for the premises conveyed for a consideration in excess

of the $100 paid by the defendant Boeckel. Her counsel then demanded of defendants' counsel that the premises be reconveyed to plaintiff, and that demand having been refused this action was commenced. Plaintiff's theory, which was adopted by the trial court, is that the statement in the letter " We understand that the back taxes on the said property amount to approximately $13,000.00 " was not a true statement of fact as a considerable portion of the taxes were paving assessments, only part of which were past due; that he relied on that statement and further that his mistake in this respect led him to advise his client that interest and penalties would accumulate at the rate of 1% a month, whereas that part of the paving assessment which was not past due bore interest at only 5% per annum.

The factual situation as developed at the trial showed that as of October 31, 1951, the amount of the delinquent city and county taxes (including the paving assessment) was $4,253.96, without interest and penalties, and with interest and penalties added, $6,010.83. The total unpaid paving assessment without interest was $7,762.49, the accumulated interest $561.86 or a total of $8,324.35. The unpaid paving assessment was a lien on the property. The total taxes, paving assessment, interest and penalties amounted to $14,335.18 as of that date.

Plaintiff offered no proof that the premises had a market value in excess of that sum. Defendants made an offer of proof: " That the fair market value of the property in question free and clear of all liens in the fall of 1951 was not to exceed $12,000.00." The court refused to receive the evidence.

Plaintiff made it very clear in the oral argument and in the brief that there was no claim of fraud and there is no such allegation in the complaint. The sole ground for the rescission is that the words " back taxes " in the letter constituted a misrepresentation of the facts which was relied on by plaintiff's counsel in advising his client to sell and had he known that a part of the " back taxes " were unpaid paving assessments not bearing interest at 1% a month, he would not have advised the sale.

We think it unnecessary to decide whether paving assessments which constitute a lien, but which under statute or ordinance may be paid over a period of years come within the definition of " back taxes ". We hold that the statement in the letter containing those words was not a representation and that plaintiff's counsel had the same opportunity to discover the factual situation as did defendants' counsel. The letter did not even constitute an offer to purchase; it was a mere

inquiry which required further negotiations before an agreement was reached.

In an English Chancery case decided in 1844 is found this statement: " If the party to whom the representations were made himself resorted to the proper means of verification, before he entered into the contract, it may appear, that he relied upon the result of his own investigation and inquiry, and not upon the representations made to him by the other party; or if the means of investigation and verification be at hand, and the attention of the party receiving the representations be drawn to them, the circumstances of the case may be such, as to make it incumbent on a court of justice to impute to him a knowledge of the result, which, upon due inquiry, he ought to have obtained, and thus the notion of reliance on the representations made to him may be excluded." (*Clapham* v. *Shillito,* 7 Beav. 146, 149.)

The same rule has been followed in this State: " In this case, we are of opinion that the plaintiff must fail, for two reasons: *first,* for its *laches,* in not examining the record, and in making no inquiry, to ascertain in whom the actual title was vested; and *second,* because there is no finding of fraud on the part of the defendant, and no proof from which the inference necessarily arises that his failure to record the deeds was with a fraudulent intent ". (*Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221, 230.)

In Corpus Juris Secundum (Vol. 30, Equity, § 47, p. 376) the rule is stated: " Thus equity will relieve a party to a contract who has been misled by the misrepresentation of the other, although such misrepresentations are not fraudulently made, and a fortiori where misrepresentations, or suppression of facts, were fraudulent. However, in all such cases the basis of equity jurisdiction is really fraud. Where such circumstances do not exist, as where the opportunities for information have been on both sides equal, where there has been no concealment by one of facts which the other was entitled to know and no misrepresentations, and where both have acted in good faith, there can be no relief."

Here the negotiations for the sale of the property were carried on between counsel for the respective parties. If plaintiff's counsel failed to obtain the exact information as to the tax liens he cannot now compel re-conveyance because of his alleged mistake. " to rescind a contract upon the ground of mistake by one of the parties thereto it must be an honest and excusable mistake." (*Hayward* v. *Wemple,* 152 App. Div. 195, 198, affd. 206 N. Y. 692.)

Although there is no evidence in the record to show the value of the property, the trial court was of the opinion that the consideration paid was inadequate. " Inadequacy in the price, unless the purchaser stands in a fiduciary position to the vendor, or unless fraud enters into the contract, is no ground for refusing specific performance." (Snell on Principles of Equity, p. 547.)

We think the plaintiff failed to establish a cause of action for rescission of the contract of sale and reconveyance of the property. The statement in the letter as to " back taxes " was not a representation; even if it were, it was substantially true; it was not sufficiently specific to be relied upon, if important to the transaction, without investigation, which would have disclosed that a part of the " back taxes " were paving assessments. There was no proof that plaintiff suffered any damage. There is no claim of fraud.

The judgment should be reversed and the complaint dismissed, with costs.

All concur. Present — McCurn, J. P., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.