■ FLORA SALNER, an Infant, by CLAIRE SALNER, Her Guardian ad Litem, Respondent, et al., Plaintiff, v. CITY OF NEW YORK et al., Appellants.— In an action by an infant to recover damages for personal injuries, and by her mother to recover damages for medical expenses and loss of services, the appeal, as limited by defendants' brief, is only by the defendant Board of Education and is only from so much of an order of the Supreme Court, Kings County, dated August 5, 1959, as grants plaintiffs' motion to strike out from said defendant's answer, on the ground of insufficiency, the second affirmative defense therein insofar as such defense is asserted by said defendant with respect to the infant plaintiff's cause of action. Said defense is to the effect that a notice of claim against defendant board was not served upon a person designated for that purpose by section 50-e of the General Municipal Law and by the Education Law. From defendants' brief it appears that defendant City of New York has withdrawn its appeal completely, and that defendant Board of Education has withdrawn its appeal from every provision of the order other than those mentioned above. Both defendants are represented by the Corporation Counsel of the City of New York. The Special Term found that notice of the accident was given immediately to defendant board when the accident occurred; and that a notice of claim against the board was served upon the Comptroller of the City of New York, but not upon the board. It also appears that said notice was not forwarded to the board and that at the time it was not the policy of the Comptroller's office to do so or to mark the file as a "Board of Education case." Plaintiffs were examined before the Comptroller. Order insofar as appealed from, and as limited by defendants' brief, reversed, without costs; and plaintiffs' motion, insofar as it seeks to strike out for insufficiency the second defense pleaded by the defendant board as against the infant plaintiff, denied. The

notice of claim was not served upon, nor was it actually received in behalf of defendant Board of Education by, a person designated for that purpose by the applicable statutes (General Municipal Law, § 50-e, subd. 3; Civ. Prac. Act, § 228, subd. 6; *Matter of Miller* v. *New York City Housing Auth.,* 7 A D 2d 922, affd. 6 N Y 2d 932; *Munroe* v. *Booth,* 305 N. Y. 426). Beldock, Christ, Pette and Brennan, JJ., concur; Nolan, P. J., concurs in result, being of opinion that, as against the infant plaintiff, the second defense pleaded by the defendant board is sufficient as matter of law.