■ MODESTO SANTIAGO et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— Order, Supreme Court, New York County, entered July 26, 1972, granting plaintiffs' motion for permission to serve and file a late notice of claim upon the defendant Board of Education and ordering that the notice of claim previously served on the defendant City of New York should be deemed amended to include the Board of Education is reversed, on the law and in the exercise of discretion, and the motion denied, without costs and without disbursements. Although timely notice of claim was served on the defendant City of New York, service upon the Board of Education was not made until five days after expiration of the 90 days prescribed by section 50-e of the General Municipal Law. The City of New York and the Board of Education are distinct entities and service on the city does not constitute service on the board. (Salner v. City of New York, 12 A D 2d 771.) Nor may permission to serve a late notice be predicated on the basis that one of the claimants is an infant, since there is a complete absence of any factual demonstration that the delay was caused by infancy. (See Matter of Murray v. City of New York, 30 N Y 2d 113; Matter of Shankman v. New York City Housing Auth., 21 A D 2d 968.) Indeed, at Special Term, plaintiffs did not even claim that the failure to comply with the 90-day notice requirement was due to infancy. Further, the letter of March 3, 1972 referred to in the dissenting opinion cannot be construed as constituting the notice of claim. That letter was written in connection with other matters and contained only a passing reference to the assault. Indeed, the letter did not contain any claim of tort liability. Moreover, the letter was delivered to the chairman and members of the community school board. Such does not constitute proper service upon the Board of Education (General Municipal Law, § 50-e; CPLR 311, subd. 7). And in any event, it was not shown that the letter was forwarded to a proper official of the Board of Education within the time for service of the notice of claim. (Cf. Zivyak v. Board of Educ., 282 App. Div. 704.) Concur — Stevens, P. J., Steuer and Tilzer, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: We would affirm. This is an action against the City of New York and its Board of Education, arising out of an alleged assault on a 10-year old in the bathroom of Public School No. 4 on the lower east side of Manhattan. Within the 90-day period mandated by section 50-e of the General Municipal Law a notice of claim was served upon the City of New York through the Comptroller's office. Five days after the expiration of the appropriate period, the Board of Education was served by registered mail, and shortly thereafter the plaintiffs moved for leave to file a late notice on the Board of Education. The court at Special Term granted the motion. It is clear that there was timely notice to the City of New York and actual notice to its representatives, and that both defendants are represented by the same corporation counsel. Also, there was no showing of prejudice by the Board of Education from its late notice, and the delay was minimal. Further, shortly after the alleged incident in the bathroom, and within the required period, the father and natural guardian of the minor in a letter resigning as president of the Parent Teacher Association of the school in question, informed the chairman of Community School Board No. 1 of the incident, giving that as a reason, among others, for his resignation. The Court of Appeals having so recently, in Matter of Murray v. City of New York (30 N Y 2d 113, 119) indicated that it would not interfere with "the sound discretion of the court" in a determination on a question of permitting a late notice of claim, we believe this to be a proper case for the exercise of such discretion and would affirm the determination by Special Term. We have here the application of a short time bar whose only purpose

is to insure early notice, against an infant, where the actual information was timely received, and the result could cause injustice. This votive offering on the altar of technicality must stand alone.