■ FRANK M. SKURSKI et al., Appellants, v KENNETH J. KREIGER, Defendant, and TOWN OF LEWISTON, Respondent.—Order and judgment unanimously affirmed, without costs. Memorandum: In July, 1974 plaintiffs' vineyards were extensively damaged as a result of the spraying of a herbicide on roadside weeds by the Town of Lewiston. On August 5, 1974 a letter was written to the Department of Environmental Conservation by T. D. Jordan, a New York State Co-operative Extension Specialist. The letter details the damage to the plaintiffs' grape shoots; includes the names and addresses of the plaintiffs; and states that the damage was associated with a weed control application of a phenoxy herbicide along town highways. The letter concludes with the observation that the Department of Environmental Conservation is responsible for the investigation of such incidents and the writer requests notification of the results of the investigation in this matter. A copy of this letter was sent to the Highway Superintendent of the Town of Lewiston and he delivered it to the town clerk on a date which is not disclosed in the record. This action was commenced in March, 1975. In its answer the Town of Lewiston denied that it had received a notice of claim in compliance with provisions of section 50-e of the General Municipal Law. Plaintiffs then moved pursuant to subdivision 6 of section 50-e of the General Municipal Law for an order relieving them of any defect in the notice. The motion was premised on the assertion that the Jordan letter constituted a notice of claim. Special Term properly denied the motion and granted summary judgment to the Town of Lewiston. Aside from the defects sought to be cured, the letter fails to contain a claim of tort liability against

the Town of Lewiston (see *Santiago v Board of Educ.,* 41 AD2d 616). Indeed, it is apparent that the letter was not intended to be a notice of claim subject to the saving provisions of subdivision 6 of section 50-e. This subdivision "deals only with inconsequential defects or irregularities, not pertaining to the manner or time of service, in otherwise sound notices of claim" *(Camarella v East Irondequoit School Bd.,* 34 NY2d 139, 142). Moreover, the record fails to demonstrate the letter was served on the proper party within the time allowed (General Municipal Law, § 50-e, subd 3; CPLR 311, subd 5). (Appeal from order and judgment of Niagara Supreme Court—notice of claim.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.