*192 OPINION OF THE COURT
Rudolph U. Johnson, J.
The defendant, Niagara Frontier Transportation Authority, seeks an order vacating and setting aside the order of Honorable John J. Callahan, entered on the 11th day of September, 1978. Justice Callahan’s order granted permission to plaintiff, Delores I. Cobb, to serve upon defendant a late notice of claim as required under section 50-e of the General Municipal Law. This motion was returnable at Special Term on December 15, 1978 rather than before Justice Callahan, who now serves with the Appellate Division.
Plaintiff claims injury resulting from a malfunction of an escalator at the Buffalo Airport Terminal, on July 8, 1977. Application for leave to serve a late notice of claim was made on September 11, 1978.
Defendant maintains that it has been denied an opportunity to oppose plaintiff’s ex parte application as no notice, in accord with CPLR 2214, was afforded defendant.
Subdivision 5 of section 50-e of the General Municipal Law was amended effective September 1, 1976, and vested in this court general discretionary power to grant an extension of time to serve a late notice of claim. Prior to the amendment subdivision 5 of section 50-e provided in pertinent part (L 1959, ch 814): "The application shall be made returnable at a trial or special term of the supreme court, or of the county court, in the county where an action on the claim could properly be brought for trial, and due notice thereof shall be served upon the person or party against whom the claim is made, in the manner speciñed in subdivision three. (Emphasis added.)
As amended, however, this notice requirement was deleted with no additional reference being otherwise made. We believe this to be significant.
As noted by the Appellate Division in Rippe v City of Rochester, (57 AD2d 723), the 1976 amendment effected both procedural and remedial changes in section 50-e. Had the Legislature intended to incorporate CPLR 2214 it would, therefore, have done so through specific reference or by language from which a reasonable inference of notice might be drawn. As it chose not to do so, this court must conclude that prior notice to opposition has been dispensed with, and, ac *193 cordingly, Special Term is free to exercise its discretion, based solely on the submitted application.
Plaintiff’s ex parte application is, therefore, procedurally correct and defendant’s motion to vacate this application and subsequent court order is denied.