ABBY R. GOLD, an Infant, by Her Mother and Natural Guardian, PEARL GOLD, et al., Appellants, v CITY OF NEW YORK, Respondent.

First Department, April 16, 1981

APPEARANCES OF COUNSEL

*Harry Kaplan* of counsel *(Kranis & Kranis,* attorneys), for appellants.

*Ronald E. Sternberg* of counsel *(Allen G. Schwartz, Corporation Counsel,* attorney), for respondent.

OPINION OF THE COURT

SULLIVAN, J.

On November 7, 1973, plaintiff Abby Rachel Gold, then 13 years of age, was injured in an accident on the premises of Intermediate School 70 in Manhattan. The school principal was immediately informed and she, in turn, filed an accident report with the Board of Education of the City of New York (Board of Education). On January 28, 1974, eight days before the expiration of the statutory 90-day period (General Municipal Law, § 50-e, subd 1, par [a]), plaintiffs (the injured infant and her mother) filed a notice of claim with the City of New York (City). Subsequently, the Comptroller's office assigned a claim number to the case, of which plaintiffs were given postcard notification. The Corporation Counsel, attorneys for both the City and the Board of Education, thereafter orally examined both plaintiffs, and the infant also was examined by a physician.

On August 15, 1974, plaintiffs served a summons and complaint on the City, which appeared and answered, admitting ownership but denying operation and control of the school premises. Eventually, plaintiffs became dissatisfied with their attorneys and retained new counsel who, after being substituted, discovered that a notice of claim had never been served on the Board of Education. Thereafter, on December 29, 1978, nearly five years after the expiration of the 90-day period in which to file a notice of claim, plaintiffs, claiming that the Board of Education was estopped from asserting lack of notice of claim and in reliance upon *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), moved for an order deeming the notice of

claim theretofore served on their behalf on the City to have been served, instead, upon the Board of Education, and substituting the board as a defendant in this action in place of the City of New York. Special Term denied the motion as untimely because it was not made within "one year after the happening of the event upon which the claim is based", as required by subdivision 5 of section 50-e of the General Municipal Law, as it existed before the 1976 amendments (L 1976, ch 745, § 2). We affirm the determination. Whatever the merits of plaintiffs' estoppel theory, the issue is beyond our reach because the Board of Education, against whom it is sought to be invoked, was never made a party to the application, and as the Statute of Limitations has long since run, the court is without power to revive the claims sought to be asserted against the board.

■■ Service of a notice of claim in compliance with section 50-e of the General Municipal Law is a prerequisite to the maintenance of a tort action against the Board of Education. (Education Law, § 3813, subd 2.) The Board of Education and the City of New York are separate and distinct entities and service of a notice of claim upon the City does not constitute service upon the board. (See *Santiago v Board of Educ.*, 41 AD2d 616; *Salner v City of New York*, 12 AD2d 771.)

Subdivision 5 of section 50-e of the General Municipal Law was amended in 1976 to expand the grounds on which a court might allow late filing of tort claims against public corporations and to extend the time in which an application for such relief might be made. Under the former subdivision 5 of section 50-e (L 1945, ch 694, § 1, as amd by L 1959, ch 814, § 1), application for permission to serve a late notice of claim had to be made within "one year after the happening of the event upon which the claim is based". The tolling provisions of CPLR article 2 were not applicable to this one-year limitation. (See *Matter of Martin v School Bd. of Union Free Dist. No. 28, Long Beach*, 301 NY 233; *Russo v City of New York*, 258 NY 344, 349; *Winter v City of Niagara Falls*, 190 NY 198.) Under the present statute's liberalized criteria the time limit in which to apply for leave to serve late notice is measured by "the time

limited for the commencement of [the] action by the claimant against [a] public corporation." Moreover, in accordance with CPLR 208, this period is tolled by the disability of infancy. *(Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256.)*

In *Matter of Beary v City of Rye* (44 NY2d 398), the Court of Appeals held that in enacting the 1976 amendments the Legislature did not intend to apply them to claims which accrued more than one year prior to the legislation's effective date, i.e., September 1, 1976. The court reasoned (pp 412-413) that prompt investigation and preservation of evidence was the primary purpose served by the notice of claim requirement and that under the preamendment law, public corporations, faced with the possibility that late filing might be permitted within a year after accrual, would have been on alert during that period to gather and preserve evidence to protect their interests. Thus, since the infant plaintiff's claim had accrued more than one year prior to the effective date of the amendment, she is not entitled to retroactive application of the present statute, even though on that date, as a result of the tolling provisions of CPLR 208, the Statute of Limitations had not run on her claim against the Board of Education. Of course, by September 1, 1976, the mother's claim, not having the benefit of tolling, would have been beyond judicial redemption in any event because more than 1 year and 90 days had elapsed since accrual of her claim. (General Municipal Law, § 50-i.)

We agree with plaintiffs' contention that inasmuch as their claim for late notice relief is based on estoppel the one-year limitation of the former subdivision 5 of section 50-e of the General Municipal Law is not applicable. In extending the equitable bar of estoppel to a public corporation's assertion of a failure to file a notice of claim the Court of Appeals has held: "[W]here a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised." *(Bender v New York City*

*Health & Hosps. Corp.*, 38 NY2d 662, 668, *supra.)* Thus, in the same manner that they would excuse a failure to file, the equitable considerations that flow from either a public corporation's affirmative actions or its omissions in the face of a duty to act would also override the one-year limitation of the former subdivision 5 of section 50-e on a claimant's right to seek late filing relief. Of course, whether a party's failure to assert his rights for almost five years although the information was always available constitutes laches sufficient to bar the application of equitable estoppel is an issue we need not reach. (See *Walsh v Keogh*, 282 App Div 378, 381; 21 NY Jur, Estoppel, § 62.)

Even though the infant plaintiff is not automatically barred by her failure to move within one year after the November 7, 1973 accident, she is nonetheless not entitled to the relief sought because she never gave the Board of Education due notice of her application. The board is not a party to this action, and the notice of motion was served not upon it, but upon the City. While it is true that the acts or omissions upon which plaintiff relies in support of the estoppel theory are, for the most part, those of the Comptroller and the Corporation Counsel, who serve both the City and the Board of Education in the investigation and defense of tort claims, the principal to whom these acts and omissions are sought to be imputed and upon whom the infant seeks to impose a substitution of service of a notice of claim is the board, a nonparty, not the defendant City.

As already noted, the City and the board are separate and distinct parties. The fortuitous circumstance that the Corporation Counsel, the City's attorney in this action, represents both the Board of Education and the City does not bring the board before the court. Without the presence of an essential party there is a jurisdictional void. Former subdivision 5 of section 50-e of the General Municipal Law required that service of a notice of application for leave to serve a late notice of claim be made upon the person or party upon whom, and in the same manner as, service of the notice of claim had to be made.[1] We note, however, that

---

1. Prior to the 1976 amendment subdivision 5 of section 50-e provided in pertinent part: "The application shall be made returnable at a trial or special
*(n. contd.)*

this notice requirement was deleted from the 1976 amendments and at least one court has interpreted the current subdivision 5 of section 50-e to allow an ex parte application for leave to serve a late notice of claim. *(Cobb v Niagara Frontier Transp. Auth.,* 98 Misc 2d 191.)

Of course, as recognized in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, 668, *supra),* while a motion to file a notice of claim *nunc pro tunc* is the most appropriate vehicle by which to assert an estoppel claim, it may also be asserted through service of a complaint alleging facts sufficient to excuse compliance with the notice of claim requirements of section 50-e. (See, e.g., *Matter of Daley v Greece Cent. School Dist. No. 1,* 21 AD2d 976, affd 17 NY2d 530.) Here, however, plaintiffs never moved to amend the complaint (CPLR 3025, subd [b]) to assert estoppel against the board. Nor could the court, *sua sponte,* have amended the complaint and added the board as a party defendant. While pleadings should be liberally construed and defects ignored if a substantial right of a party is not prejudiced (CPLR 3026), and the court has the power at any stage to correct a mistake, omission, defect or irregularity (CPLR 2001), and even to add a party on its own initiative at any stage of the action (CPLR 1003), absent a jurisdictional basis the court is not free to substitute a wholly distinct nonparty for a party.

Whatever remedies were available against the board at the time of the instant application, as far as the infant's notice of claim is concerned, are now lost as the Statute of Limitations has obviously run on her claim, even with the tolling of the statute for the period of infancy. On the date of the accident the infant was 13 years of age. The statute would have run 1 year and 90 days after her eighteenth birthday (CPLR 208).[2] The estoppel upon which the infant

term of the supreme court, or of the county court, in the county where an action on the claim could properly be brought for trial, and due notice thereof shall be served upon the person or party against whom the claim is made, in the manner specified in subdivision three."

2. Although the notice of motion was dated December 29, 1978, which was within the Statute of Limitations as extended by the disability of infancy, and the motion denied by decision entered February 13, 1979, which may also have been within the statute, an order was not settled, as directed, until September 30, 1980, over 18 months later. On the latter date the statute had run.

plaintiff relies to bar the assertion of a failure to serve a timely notice of claim cannot revive a claim that has "passed beyond the power of judicial recall" *(Matter of Beary v City of Rye*, 44 NY2d 398, 413, *supra)*.

While estoppel may even be invoked against a defendant's assertion of the Statute of Limitations, plaintiffs do not claim that any conduct on the board's part misled them as to the existence of a cause of action or the running of the Statute of Limitations. Generally, the doctrine is available where the defendant conceals from the plaintiff that he has a cause of action *(General Stencils v Chiappa*, 18 NY2d 125) or "where the agreement, representations or conduct of a defendant have caused a plaintiff to delay suit on a known cause of action until the Statute of Limitations has run" *(Robinson v City of New York*, 24 AD2d 260, 263; see, also, *Ryan Ready Mixed Concrete Corp. v Coons*, 25 AD2d 530). A potential defendant is under no obligation to inform an adversary of the existence of a cause of action. *(Jordan v Ford Motor Co.*, 73 AD2d 422.)

Accordingly, the order, Supreme Court, New York County (SUTTON, J.), entered October 6, 1980, denying plaintiffs' motion for an order deeming the notice of claim theretofore served on their behalf on the City of New York to have been served, instead, upon the Board of Education of the City of New York, and substituting the Board of Education as a defendant in this action in place of the City of New York should be affirmed, without costs or disbursements.

MURPHY, J. P., MARKEWICH, LUPIANO and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on October 6, 1980, affirmed, without costs and without disbursements.