OPINION OF THE COURT
Edward H. Lehner, J.
This is an application to serve a late notice of claim. Respondent seeks a denial on the ground that the court lacks jurisdiction because the moving papers were not personally served upon the Corporation Counsel, but rather were sent by ordinary mail.
The court initially observes that although movants are characterized as "petitioners”, no petition has in fact been submitted.
*772 Movants assert that jurisdiction over the city is not necessary because as a result of the 1976 amendment to section 50-e of the General Municipal Law, notice of the application is no longer required. In support of this position, movants cite Cobb v Niagara Frontier Transp. Auth. (98 Misc 2d 191, 192-193 [Sup Ct, Erie County 1979]), which indeed held that as a result of such amendment "prior notice to opposition has been dispensed with, and accordingly, Special Term is free to exercise its discretion, based solely on the submitted application.”
This court does not believe that such interpretation represents the intent of the Legislature. Where a person seeks to invoke the jurisdiction of a court to obtain permission to file a late notice of claim, the municipality is entitled to notice in order to be able to oppose the grant of the discretionary relief. The required notice to the municipality is that which gives the court jurisdiction over it. In the case of the City of New York, this means personal service upon the Corporation Counsel (CPLR 311 [2]). Here the service by ordinary mail of the application, where no action was pending, is insufficient to vest the court with jurisdiction over the city. See, Matter of Crespo (123 Misc 2d 862, 864 [Sup Ct, NY County 1984]), where, based on similar facts, it was stated: "Mere notice alone is not sufficient to subject a party to the court’s jurisdiction. A recognized, tangible and verifiable jural act, in a manner provided by law, is also required.”
Although General Municipal Law § 50-e (3) provides a procedure for validating an improperly served notice of claim, such practice is not relevant to the issue here, as where a court acts in a contested matter, a prerequisite is the acquisition of jurisdiction.
In view of the lack of jurisdiction over respondent, the application to file a late notice of claim is denied.