■ Peter T. Morgan, Appellant, v City of New York, Respondent. [628 NYS2d 697] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about April 8, 1994, which denied petitioner's application to serve a late notice of claim against the City of New York, unanimously reversed, on the law, petitioner's application granted and the no-

tice of claim dated March 2, 1994 deemed timely served, without costs.

As evidenced by the Fire Department's initial internal report, which indicated that petitioner, a fire lieutenant, had suffered a sprained back while fighting a fire, it is clear that respondent City has known about petitioner's injury from December 14, 1992, the very day that it occurred. It is also undisputed that petitioner's counsel timely obtained an order to show cause on March 8, 1994 for leave to file a late notice of claim, but erroneously served the motion papers the same day upon the Comptroller's office rather than the Corporation Counsel. The Comptroller subsequently acknowledged such service on March 10, 1994. Thereafter, it was only on the return date of the motion, March 18, 1994, which was four days after the one-year-and-90-day period within which to make such a motion had expired, that the Corporation Counsel claimed lack of service and asked for a one week adjournment to oppose the application on jurisdictional grounds. The IAS Court then found that because the motion was not timely served on the Corporation Counsel, it had no jurisdiction to entertain petitioner's application. We disagree.

Under the circumstances, the IAS Court's reliance upon the Supreme Court's decision in *Matter of Callahan v City of New York* (143 Misc 2d 771, *affd* 149 AD2d 992), which also involved an injured firefighter, for its finding of lack of jurisdiction over the City was misplaced, inasmuch as that decision was reversed by the Court of Appeals, which held: "In that respondent here received actual notice of petitioners' application, it was error for Supreme Court to deny it for want of jurisdiction. A contrary conclusion only restores rigidity to the statute and frustrates the Legislature's plain intention in its amendments." (75 NY2d 899, 902.) The same can be said here. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.