■ J.E., Appellant, v BETH ISRAEL HOSPITAL, Respondent. [744 NYS2d 166] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 28, 2001, which granted defendant's motion for summary judgment and denied plaintiff's cross motion for leave to amend the complaint and to strike defendant's answer, unanimously affirmed, without costs.

In her verified complaint and bill of particulars, plaintiff alleged that she was sexually assaulted while she was under the effects of general anesthesia following gallbladder surgery at defendant Beth Israel Hospital. Plaintiff seeks to hold defendant liable in negligence for breaching its duty to monitor and protect her from injury, for failing to provide proper security during her recovery, and for negligently hiring her alleged assailant. As limited by her brief, plaintiff appeals from so much of the order of Supreme Court, which granted defendant's motion for summary judgment dismissing the complaint.

The evidence established that plaintiff was admitted to Beth Israel Hospital on July 2, 1996, for gallbladder surgery. According to the hospital's medical records, plaintiff was taken to the operating room and administered general anesthesia at 1:40 P.M. The surgery was completed at approximately 4:10 P.M., whereupon members of the surgical team took plaintiff to the Post Anesthesia Care Unit recovery room (PACU), which logged her in as arriving at 4:15 P.M. Plaintiff remained in a curtained area of the PACU for approximately three hours and 15 minutes—until 7:30 P.M.—during which time her vital signs were checked and recorded every half hour. According to the PACU records, plaintiff was "fully awake and alert" by 6:00 P.M. At 7:30 P.M., plaintiff was moved to a regular hospital room for an overnight stay. Plaintiff was discharged the next day, July 3, 1996, at approximately 11:20 A.M.

Plaintiff's father, who was waiting in the hospital while his daughter was undergoing surgery, submitted an affidavit in which he states that the hospital receptionist, in attempting to respond to his inquiries about his daughter, was unable to locate her for approximately 45 minutes following the surgery. However, as noted, the medical records indicate that plaintiff's whereabouts were accounted for at all times.

Plaintiff testified in her deposition that at around 3:00 P.M. in the afternoon on the day of her discharge, she noticed that

her genital area was swollen, bruised and painful. She contacted her doctor's office and was assured that no catheter had been used during her surgery. According to plaintiff's testimony, she went to Bellevue Hospital's emergency room later that night, July 3, 1996.

Bellevue's records indicate that plaintiff came to its emergency room at 11:30 P.M. on July 4, 1996—the day *after* her discharge from Beth Israel, not, as plaintiff testified, on July 3, 1996, the day of her discharge. Bellevue's records also establish that plaintiff was examined at 1:30 in the morning of July 5, 1996. The Bellevue physician noted on plaintiff's medical chart that plaintiff's genital area was swollen and tender and that she had small contusions inside her knees and on her buttocks. The physician's notes also include the notation, "sexual assault," but it is not clear whether the notation is a diagnosis or simply a recording of what plaintiff told the doctor. Tests for rape, pregnancy and HIV were performed. The rape test came back negative for the presence of semen. A medical records sexual assault form was filled out, although the record does not indicate if that was done as a matter of course or on the basis of plaintiff's complaints.

The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Once the movant has made the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact that precludes summary judgment and requires a trial of the action (*Alvarez v Prospect Hosp.*, 68 NY2d 320).

Defendant, relying on, inter alia, plaintiff's verified complaint, bill of particulars and deposition testimony, moved for summary judgment dismissing the complaint on the ground that plaintiff could not establish a cause of action in negligence against defendant as a matter of law because there was no evidence that any such assault had occurred while plaintiff was a patient in the defendant hospital. Having demonstrated the absence of any evidence of negligence by defendant, the burden shifted to plaintiff to demonstrate the existence of a material issue of fact. In opposing the motion, plaintiff conceded that she did not know who may have assaulted her or where or when such assault may have occurred, but argued that the evidence in the record was sufficient to establish a reasonable inference that plaintiff was assaulted in the PACU following her surgery.

To establish a prima facie case of negligence, plaintiff must prove that the defendant owed a duty to her, that defendant breached that duty, and that the breach proximately caused her injury (*Solomon v City of New York*, 66 NY2d 1026, 1027; *Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 302). To establish a claim of negligence that is based, as here, entirely on circumstantial evidence, a plaintiff must demonstrate the existence of "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744.) While plaintiff's proof need not positively exclude every other possible cause of the injury, it "must render those other causes sufficiently 'remote' or 'technical' to enable a jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence." (*Id.*)

There is no question that a hospital has a duty to safeguard the welfare of its patients, even from harm by third persons, and that duty is measured by the ability of the patient to provide for his or her own safety (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247; *Morris v Lenox Hill Hosp.*, 232 AD2d 184, 185, *affd* 90 NY2d 953). However, even if a sexual assault in a postoperative recovery room is a foreseeable risk against which defendant had a duty to protect plaintiff (*cf., N.X. v Cabrini Med. Ctr.*, 97 NY2d 247 [a sexual assault of a patient by a physician with no history of sexual misconduct may be so remote a risk as to never be reasonably foreseeable]),* and even when we view the evidence in the light most favorable to plaintiff, as we must (*see, Pollicina v Misericordia Hosp. Med. Ctr.*, 158 AD2d 194, 200, *lv dismissed* 76 NY2d 934), we conclude that Supreme Court correctly determined that plaintiff failed to produce sufficient evidence to permit an inference that her injuries were caused by a breach of defendant's duty to her.

Unlike the situation presented in *N.X. v Cabrini Med. Ctr.* (97 NY2d 247), where the facts of the assault, including the

---

* In *N.X.*, the Court was required to determine if the risk of sexual assault by a hospital physician with no known history of misconduct was so remote as to be unforeseeable as a matter of law and thus entitle defendant hospital to summary judgment. The Court of Appeals held that readily observable acts or events suggesting that an assault or unauthorized "examination" was about to take place would trigger the duty to protect against such assault, even if such an assault would otherwise be unforeseeable: "observations and information known to or readily perceivable by hospital staff that there is a risk of harm to a patient * * * can be sufficient to trigger the duty to protect" against what might otherwise be "a risk so remote [as to not] be reasonably foreseeable" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 255, 253).

time, place and perpetrator, were all undisputed or clearly established by the evidence, plaintiff here is unable to produce any evidence—circumstantial or direct—that she was sexually assaulted at all while she was a patient at Beth Israel, let alone by anyone connected with Beth Israel. While it is possible that plaintiff's injuries were incurred as she alleges while she was in defendant's care, it is just as possible that the injury occurred elsewhere. Negligence of a defendant cannot be presumed from the mere existence of an injury (*Rella v State of New York*, 117 AD2d 591, 592), and "where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which defendant was responsible" (*Ruback v McCleary, Wallin & Crouse*, 220 NY 188, 195; *accord Ingersoll v Liberty Bank of Buffalo*, 278 NY 1).

Contrary to plaintiff's contention, Supreme Court's ruling was not based upon impermissible credibility determinations. Plaintiff acknowledges that she does not know how or when her genitals came to be bruised. Thus there is nothing on which to base a credibility determination. Even if the "sexual assault" notation in the July 5, 1996 Bellevue Hospital records is viewed as a diagnosis rather than simply a recording of plaintiff's complaint, there is no evidence establishing when any such assault might have occurred or otherwise linking defendant to such an occurrence. From the given fact that plaintiff was unconscious and in defendant's care the day before she assertedly discovered that her genitals were bruised, plaintiff attempts to construct an inference that she was sexually assaulted while she was in the PACU and that such sexual assault occurred as a result of defendant's negligence. Given the absence of any evidence as to when any such assault might have occurred—before, during or after plaintiff's hospitalization—such inference is speculative at best. This is true regardless of how credible plaintiff may be.

In *Schneider v Kings Highway Hosp. Ctr.* (67 NY2d 743, 744-745), unlike this case, the time, place and manner of plaintiff's injury were not in question. Plaintiff, a frail, elderly woman who could not get out of bed without assistance, was injured when she fell from her hospital bed, whose protective side rail had been lowered. The only issue was whether a hospital employee had lowered and then neglected to raise the side rail or whether plaintiff had lowered the rail herself. The circumstantial evidence regarding plaintiff's frail condition, the location of the latch at the foot of the bed, and the amount of force it took

to release the latch all made it unlikely that plaintiff lowered the rail and permitted a reasonable inference that it was a hospital employee's failure to raise the rail that led to plaintiff's fall and resulting injuries. In contrast, given the absence of evidence as to when or perhaps even how the present plaintiff's injury occurred, any inference that the injury was a result of defendant's negligence is purely speculative.

Supreme Court also correctly determined that the theory of res ipsa loquitur was inapplicable to this case. To establish a negligence claim under the theory of res ipsa loquitur, plaintiff must establish that: (a) the "res" or the event must be something that does not ordinarily occur in the absence of someone's negligence; (b) the event must be caused by an agency or instrument within the exclusive control of defendant; and (c) the event must not have been caused by any voluntary action or contribution on the part of the plaintiff (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494). Plaintiff did not provide any evidence that the event—a sexual assault—occurred while plaintiff was a patient in Beth Israel, let alone that such an event was caused by someone or something within defendant's exclusive control (*cf.*, *Morris v Lenox Hill Hosp.*, 232 AD2d 184, *affd* 90 NY2d 953 [plaintiff's injuries caused by adulteration of IV solution over which hospital had sole and exclusive control]). Here, again, there is simply no evidence of who or what caused plaintiff's injuries, when they occurred, or how they occurred much less whether they were caused by someone or something under defendant's sole and exclusive control.

Based upon the evidence in the record, we conclude that Supreme Court correctly granted defendant's motion and dismissed the complaint. Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.