Acevedo v Episcopal Social Servs. of N.Y., Inc. (2018 NY Slip Op 04832)





Acevedo v Episcopal Social Servs. of N.Y., Inc.


2018 NY Slip Op 04832


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Kahn, Oing, JJ.


109659/10 -590931/10 -7004 7003 7002 7001

[*1]Yvette Acevedo, etc., Plaintiff-Appellant,
v
Episcopal Social Services of New York, Inc., et al., Defendants-Respondents. 
[And a Third-Party Action]


Venable LLP, New York (Patrick J. Boyle of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for Episcopal Social Services of New York, Inc., respondent.
McAloon & Friedman, P.C., New York (Gina Bernardi DiFolco of counsel), for Federation Employment and Guidance Services, Inc., respondent.



Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered March 15, 2017, dismissing the complaint as against defendant Federation Employment and Guidance Services, Inc. and FEGS Health and Human Services System, and judgment, same court and Justice, March 16, 2017, dismissing the complaint as against defendant Episcopal Social Services of New York, Inc., unanimously affirmed, without costs. Appeals from orders, same court and Justice, February 3, 2017, which granted defendants' motions for summary judgment dismissing the complaint and all claims against them, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
Plaintiff is the legal guardian of his daughter, Yvette Acevedo, who is 51 years old, legally blind and only minimally verbal, has an IQ of 22 and the functional level of a two-year-old, and lacks the mental or legal capacity to consent to sexual intercourse. Since 1977, Yvette has resided at a group home operated by defendant Episcopal Social Services of New York, Inc. (ESS). From 1989 to 1993, Yvette also attended a day rehabilitation program operated by defendant Federation Employment and Guidance Services, Inc. sued herein as Federation Employment and Guidance Services Inc., and FEGS Health and Human Services System (FEGS).
Plaintiff alleges that defendants negligently supervised Yvette in connection with three incidents of sexual abuse in the 1990s, as well as a more recent incident of sexual abuse that occurred some time between 2003 and 2008 and as a result of which Yvette contracted human papillomavirus (HPV). Plaintiff further alleges that defendants wrongfully failed to timely disclose these incidents to him.
To the extent the negligence claims are premised on the 1990s incidents, they are time-barred, even applying the 10-year insanity toll (see CPLR 208; CPLR 214[5]). Contrary to plaintiff's claim, the doctrine of equitable estoppel is not available to bar defendants from raising the statute of limitations defense, because defendants had no duty to disclose the 1990s incidents to plaintiff (see Gold v New York , 80 AD2d 138, 144 [1st Dept 1981]). Defendants had a fiduciary relationship with Yvette (see Sharp v Kosmalski , 40 NY2d 119, 121-122 [1976]), but there was no need to disclose the incidents to her, because she was a party to them. Defendants [*2]had no similar fiduciary relationship with plaintiff, who was largely uninvolved in Yvette's life during the period at issue, was not her legal guardian during that time, and had no contact at all with FEGS.
The fraudulent concealment claim fails for the same reason: A duty to disclose is a required element of the claim (see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V. , 301 AD2d 373, 376 [1st Dept 2003]).
To the extent the negligence claim against ESS is premised on more recent abuse, it is unduly speculative (see J.E. v Beth Israel Hosp. , 295 AD2d 281, 283 [1st Dept 2002], lv denied 99 NY2d 507 [2003]). The complaint does not allege when or how the purported abuse occurred. It alleges only that Yvette must have been exposed to some sexual contact between 2003 and 2008 because she was diagnosed with HPV in 2008 and also exhibited a ruptured hymen, Herpes Simplex 1, and a history of Atypical Squamous Cells of Undetermined Significance. However, it is undisputed that these conditions may be transmitted by means other than sexual contact. Moreover, even if they were transmitted sexually, ESS's expert's opinion that it is not possible to know with certainty when the transmission occurred is unrebutted. Thus, the sexual contact may have occurred outside the limitations period or at a time when Yvette was not in ESS's care.
In view of the dismissal of all of plaintiff's substantive claims, his request for punitive damages also must be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK