| |
|---|
| **Rothman v 40 W 25 LLC** |
| 2024 NY Slip Op 31483(U) |
| April 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152775/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

PART 58

*Justice*

-----------------------------------------------------------------------------X

SHEILA ROTHMAN,

INDEX NO. 152775/2020

MOTION DATE 06/22/2023

Plaintiff,

MOTION SEQ. NO. 003 004

- v -

40 W 25 LLC, THE KAUFMAN ORGANIZATION, A.B.
IMPORT EXPORT CO. D/B/A SHOWPLACE ESTATE
BUYERS,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 117, 119, 120, 121, 122, 123, 124, 125, 126, 135

were read on this motion to/for                     JUDGMENT - SUMMARY                     .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 118, 127, 128, 129, 130, 131, 132, 133, 134, 136

were read on this motion to/for                     JUDGMENT - SUMMARY                     .

In this personal injury action, motion sequence nos. 003 and 004 are consolidated for disposition. In motion sequence no. 003, defendants 40 W 25 LLC and The Kaufman Organization (Owner defendants) move, pursuant to CPLR 3212, for summary judgment dismissing the amended complaint and the cross-claims asserted against them. In motion sequence no. 004, third-party defendant Unitech Design, Inc., d/b/a Space Sign (Unitech) moves, pursuant to CPLR 3212, for summary judgment dismissing the amended complaint and the third-party complaint as against it, and all other claims on the ground that there is no material issue of fact regarding its liability. Plaintiff opposes both motions.

## I. FACTUAL BACKGROUND

Plaintiff alleges that, on January 19, 2020, she tripped on one of the support poles of a canopy located at 40 West 25th Street in Manhattan (Premises), and then fell, sustaining personal injuries. The canopy was designed and installed by third-party defendant Unitech. Defendant A.B. Import-Export Co. d/b/a Showplace Estate Buyers (A.B.) was a tenant of a portion of the building located at the Premises (Building). Plaintiff alleges that A.B. "erected, maintained and/or owned the canopy appurtenant and/or attached it to" the Premises (NYSCEF 1).

On March 15, 2020, plaintiff commenced this action in which she alleges that, on the day of the incident, as she was stepping toward the Premises, "she was caused to trip and fell on a metal bar protruding at an angle from the [canopy] of the awning in front of the premises" (*id.*).

Owner defendants served an answer in which they admitted that 40 W 25 LLC owned the Premises (Owner), and that The Kaufman Organization (Kaufman) is the managing agent (NYSCEF 2).

On January 26, 2021, plaintiff filed an amended complaint (NYSCEF 11), and thereafter, A.B. answered the amended complaint (NYSCEF 14), and then commenced a third-party action impleading Unitech (NYSCEF 18). On March 24, 2021, Unitech filed its answer (NYSCEF 27), and plaintiff then served a verified Bill of Particulars on Unitech (NYSCEF 105).

By decision dated February 13, 2024 (NYSCEF 137), A.B.'s motion for summary judgment was denied, as there remained issues of fact as to whether A.B. had made special use of the canopy, and whether the canopy could be considered an open and obvious danger.

The salient facts are set forth in detail in this Court's February 13, 2024 decision and order.

## II.  CONCLUSIONS OF LAW

"'[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993] [citation omitted]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  The burden is a heavy one: the facts must be viewed in the light most favorable to the non-moving party and every available inference must be drawn in the non-moving party's favor (*Sherman v New York State Thruway Auth.*, 27 NY3d 1019, 1021 [2016]).  "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853; *see also Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982 [1993]).

The party opposing summary judgment has the burden of presenting evidentiary facts sufficient to raise triable issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *CitiFinancial Co. [DE] v McKinney*, 27 AD3d 224, 226 [1st Dept 2006]).  Summary judgment may be granted only when it is clear that no triable issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and "is inappropriate in any case where there are material issues of fact in dispute or where more than one conclusion may be drawn from the established facts" (*Friends of Thayer Lake LLC v Brown*, 27 NY3d 1039, 1043 [2016]).

To establish a prima facie claim for negligence under New York law, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]; *accord J.E. v Beth Israel Hosp.*, 295 AD2d 281, 283 [1st Dept 2002]; *Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 302 [1st Dept 2001]).  "Because a finding of negligence must be based on the breach of a duty, a threshold question in torts cases is whether the alleged tortfeasor

owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Absent a duty of care to the person injured, a party cannot be held liable in negligence (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 341-342 [1928]).

### A. Owner defendants' motion

"Liability for a dangerous condition on property may only be predicated upon occupancy, ownership, control or special use of such premises" (*Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [1st Dept 2005]; *accord Adriana G. v Kipp Wash. Hgts. Middle Sch.*, 165 AD3d 469, 469 [1st Dept 2018]). Absent evidence of ownership, occupancy, control or special use of property, a party cannot be held liable for injury caused by the defective or dangerous condition of the property (*Reid v City of New York*, 168 AD3d 447 [1st Dept 2019]).

In support of their motion for summary judgment, Owner defendants argue that they owed no duty of care to plaintiff, because "[A.B.] clearly had responsibility over the canopy, which it is undisputed they bought, installed, managed and maintained. Other than giving permission to install such a canopy, the building had no other involvement with this structure, including the support pole, a structure that there was no evidence of any complaints about" (NYSCEF 78).

Owner defendants demonstrate that they had no duty to maintain the canopy by lease or agreement, they did not create the alleged dangerous condition, and they had no actual or constructive notice of it, and, thus, they are entitled to dismissal of plaintiff's claims against them (*see e.g., Madonia v City of NY*, 164 AD3d 1320 [2d Dept 2018] [owners entitled to summary dismissal as object on which plaintiff tripped on sidewalk was not created by them, was not result of negligent repair, and they did not make special use of area]).

In light of this result, Owner defendants' other arguments in favor of dismissal are not considered.

### B.      Unitech's motion

The court record does not reflect that plaintiff has asserted a direct claim against Unitech, and thus that portion of Unitech's motion seeking dismissal of plaintiff's claim(s) against it is denied as academic.

Moreover, as third-party plaintiff A.B. did not oppose dismissal of the third-party action, it is dismissed (*see Sancino v Metro. Tr. Auth.*, 184 AD3d 534 [1st Dept 2020] [plaintiff abandoned claim by failing to oppose motion seeking dismissal of claim]).

Accordingly, it is hereby

ORDERED, the motion for summary judgment by defendants 40 W 25 LLC and The Kaufman Organization (motion sequence no. 003) is granted, and plaintiff's claims and any cross-claims asserted against them are severed and dismissed, and the clerk is directed to enter judgment accordingly; it is further

ORDERED, the motion for summary judgment by third-party defendant Unitech Design, Inc., d/b/a Space Sign (motion sequence no. 004) is granted to the extent of severing and dismissing the third-party action, and the clerk is directed to enter judgment accordingly; and it is further

ORDERED, that the remaining parties appear for a settlement/trial scheduling conference before this Court on August 7, 2024, at 11:00 am, at 71 Thomas Street, Room 305, New York, New York.

20240426114726DCOHEND C6512 A3B094 78BB8B64EB4F93 95E3

__4/26/2024__
**DATE**

_____
**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152775/2020   ROTHMAN, SHEILA vs. 40 W 25 LLC**
**Motion No.  003 004**

Page 5 of 5