OPINION OF THE COURT
Martin Evans, J.
Defendant Port Authority moves to dismiss the complaint in this personal injury action for lack of subject matter jurisdiction.
Plaintiff failed to comply with the one-year Statute of Limitations pertaining to actions brought against the Port Authority. (L 1950, ch 301, § 7.) Since this statute is an interstate compact between New York and New Jersey, it cannot be amended by a statute, or statutory interpretation, of one State. Thus, CPLR 203, providing for the tolling of a Statute of Limitations for 60 days by filing a copy of the summons and complaint with the county clerk, cannot operate to enlarge the year permitted under the compact.
That year is more than a Statute of Limitations in the usual sense. It is a condition precedent to bringing the action which must be pleaded. “Claim interposition * * * has no effect on compliance with a condition precedent.” (Seguritan v Northwest Airlines, 86 AD2d 658, 659;)
*524 Plaintiff’s claim that the Transit Authority’s investigation, and subsequent disclaimer of responsibility over the stairway, caused him to delay institution of the action against the Port Authority, is not valid. The Transit Authority is not an agent, subsidiary or parent of the Port Authority; it cannot bind or speak for the Port Authority. More significantly, it is clear that plaintiff believed that the Transit Authority and the Port Authority may have been responsible as early as March 8,1982, approximately six weeks after the accident.* It was incumbent on plaintiff to investigate and institute an action within the permissible one-year period of time.
Defendant’s motion to dismiss is accordingly granted. The plaintiff’s motion for inspection reports from the Transit Authority is denied, the Transit Authority having reported that none exist as to the stairway in question.

 Plaintiff’s notice of claim dated March 8, 1982 against the Transit Authority alleged, inter alia, that on January 29,1982, she fell on a stairway which led to both the Independent Subway station and the Port Authority Trans-Hudson Railroad station at 32nd Street and the Avenue of the America’s. Thus, it is not only clear that the Port Authority’s possible responsibility should have been obvious at the time of the occurrence, but that it was indeed apparent to her, her husband and her attorneys when the notice of claim was prepared, nearly a year before the complaint was served on March 4, 1983.