OPINION OF THE COURT
Martin Evans, J.
This proceeding, denoted by movant as a motion to amend a notice of claim, although submitted on default, poses several unusual practice questions. Can amendment of a notice of claim be sought by preaction motion? Can such an amendment be used to effectively add a party where the motion does not request such relief? Is service of a notice of claim on the New York City Transit Authority effective as notice upon the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA)?
Movant’s attorney alleges that her client was injured when alighting from a route M14 bus at the intersection of Avenue D and West 8th Street[1] on March 25, 1983. It is *863 claimed that the roadway was defectively maintained, causing the movant unspecified injury in an unspecified manner. The ostensible purpose of the instant motion is to change the corner designation from “northwest” to “southwest”. Absent proof of timely actual notice or other evidence of lack of prejudice not offered here, it cannot be said that the error in corner designation was either insignificant or nonprejudicial. Notice of a defect at one location is not notice of defect at another. The notice of claim provisions (General Municipal Law, § 50-e; Public Authorities Law, § 1212) are intended to fairly apprise the city, the Transit Authority, and MABSTOA of the existence of a claim, so that they can promptly investigate its circumstances, before physical conditions change in the course of time. Errors in location designation, however innocently made, are inherently misleading. The sort of amendment which movant seeks should therefore not be available merely for the asking. Particularly since such an amendment is intended to be effective nunc pro tunc, i.e., to relate back to the date of service of the original notice, the mere unsubstantiated allegation of no prejudice, nearly a year after the alleged occurrence, is insufficient.* [2]
Were this the only issue raised by movant’s papers, extended discussion would not be required. Movant, however, seeks sub silentio to accomplish something far more extensive. Movant’s papers expressly seek only the change in corner designation. Movant’s proposed “Amended Notice of Claim”, however, would effectively add an additional party. The original notice of claim, sworn to April 15,1983, is addressed to the City of New York (City) and the New York City Transit Authority. The proposed amended notice also lists MABSTOA as a party. Movant also gratuitously includes MABSTOA as a party defendant in the caption of her moving papers.[3]
*864 Preliminarily, the court notes that no action has apparently been commenced against any of the named parties.
Accordingly, the caption is both incorrect and misleading. Moreover, since no action has yet been commenced, this application cannot be sought by motion. A motion can only be made in an already pending action. (See Matter of Lima & Honeoye Falls Ry. Co., 68 Hun 252.) The service of motion papers by mail presupposes that the parties being served by mail had already been brought before the court’s jurisdiction by proper service. (See Matter of Harlem Riv. Consumers Coop. v State Tax Comm., 44 AD2d 738, affd 37 NY2d 877.) Where, however, relief is sought from the court prior to the commencement of an action, a special proceeding should be commenced by service of a notice of petition or an order to show cause, in the same manner as service of a summons, unless the court, in the order to show cause, directs an alternate mode of service. (See CPLR 403; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C403:l, p 494.)
Here, there is no evidence to indicate that any of the parties have previously been served in a valid jurisdiction-acquiring manner. It is of no moment that notice of this “motion” was purportedly served, by mail, on each of the interested parties. Mere notice alone is not sufficient to subject a party to the court’s jurisdiction. A recognized, tangible and verifiable jural act, in a manner provided by law, is also required. (See City of New York v Chemical Bank, 122 Misc 2d 104.)
This application, whether viewed as a motion or a special proceeding, must therefore be dismissed. If regarded as a motion, it must be dismissed because no action is pending; if construed as a special proceeding, it must be dismissed because it was not jurisdictionally served.
The relief sought must also be denied on substantive grounds. Movant, by surreptitiously slipping the name of MABSTOA into the proposed amended notice, seeks to *865 bootstrap into viability an apparently lapsed cause of action over a party never served during the 90-day statutory period. (Public Authorities Law, § 1212; General Municipal Law, § 50-e.)
MABSTOA was created in 1962 as a public benefit corporation to take over the operation of various public bus lines in Manhattan and The Bronx previously operated by the Fifth Avenue Coach Corporation and other defunct private companies. (L 1962, ch 163.) It now operates most of the bus lines in Manhattan and The Bronx, including the M14 line. While it is a subsidiary of the Transit Authority, MABSTOA is an entirely distinct corporate entity which must sue and be sued in its own name. (Public ” Authorities Law, §§ 1203-a, 1204, subd 1.) The MABSTOA enabling legislation incorporates by reference many statutory requirements applicable to the Transit Authority, thereby applying them to MABSTOA (see Public Authorities Law, § 1203-a, subd 6) including the requirement of the service of a notice of claim within 90 days of the occurrence as a prerequisite to commencement of an action. See section 1212 of the Public Authorities Law, which itself incorporates by reference the terms of section 50-e of the General Municipal Law.
It is hornbook law that service of process on a subsidiary does not constitute service on a parent corporation, nor does service on a parent constitute service on a subsidiary. Except in exceptional circumstances not present here, the law respects separate corporate identities even where one corporation may wholly own another, or where they may share the same principals. (Cf. Walkovszky v Carlton, 18 NY2d 414.)
It is thus well established that service of a notice of claim „ on one governmental entity does not constitute valid service on another. (See, e.g., Matter of Coyle v New York City Tr. Auth., 283 App Div 1083 [service of notice on City held not valid service on Transit Authority]; De Luca v New York City Tr. Auth., 119 Misc 2d 523 [service on Transit Authority held not service on Port Authority]; Marku v City of New York, 86 AD2d 601 [service on City held not service on Health and Hospitals Corporation; service of late notice held improper]; Gold v City of New York, 80 *866 AD2d 138 [service on City held not service on Board of Education]; Brinkley v City Univ., 92 AD2d 805 [service on Attorney-General as agent of the State and attorney for City University held not service on City University].)
Unlike the entities in De Luca (supra), but like those in other cited cases, the entities here are related. Nevertheless, there is no indication that they colluded to mislead plaintiff; neither is there any other evidence to estop either entity from denying that notice on one constitutes notice on the other.
The clear statutory intent — indeed, the express statutory mandate — dictates that movant was obligated to separately serve a notice of claim on MABSTOA.[4] Since she has presented no evidence of excusable delay to justify her failure to have given reasonable and proper notice to MABSTOA, she would not now be entitled to serve a late notice of claim. The proposed amendment could then be used to effect the relief she could not obtain directly.
Finally, the manner in which the relief has been sought is disturbing. By not describing in the moving papers the full extent of the relief sought to be effected by the proposed amended notice, plaintiff created a misleading impression. The court, and the parties to whom the motion is addressed, at first glance could well have assumed that the relief sought was the mere correction of a typographical or other insubstantial error. Such a practice unfairly encourages defaults. Even if inadvertent, it is no less deceptive; if not, it is an attempt to abuse the process of this court and a potential constitutional violation. The three putative defendants are municipal and public benefit corporations. As such, each is a person, like any other litigant, entitled to due process of law. (US Const, 14th Arndt; NY Const, art I, § 6; Rivera v Laporte, 120 Misc 2d 733.) The court cannot permit a party to benefit from even an innocent act or *867 failure to act which may deceive or otherwise prejudice another party.
The relief sought is accordingly denied and the proceeding is dismissed.

. The court takes judicial notice that West 8th Street in the Borough of Manhattan does not intersect Avenue D. East 8th Street, however, does intersect Avenue D. The M14 bus route traverses the length of 14th Street and then proceeds along Avenue D, the easternmost avenue in lower Manhattan. Accordingly, the intersection designated by plaintiff as the place of occurrence in the notice of claim, the proposed “Amended Notice of Claim” and the moving papers, does not exist. While the moving papers claim that plaintiff testified to the “correct geographical corner” at the “Municipal Hearing” (i.e., the comptroller’s examination pursuant to General Municipal Law, § 50-e), allegedly *863 held on November 16, 1983, there is no evidence offered to support such a contention.

. There is no indication of when, or even whether, that notice was ever served. Service on at least one party was likely, given the claimed comptroller’s hearing. Had a notice of claim been timely served; had the City been given notice, at the comptroller’s hearing, of the correct location of the occurrence; and had amendment of the notice been sought by the proper means there would be no reason to deny the change in location if sought on default. Good-faith mistakes, omissions, irregularities or defects may be cured at any time in the court’s discretion, if no one is prejudiced. (General Municipal Law, § 50-e, subd 6.) Moreover, there has been no showing that actual notice was obtained by any of the three putative defendants during the 90-day statutory period.

. The caption on plaintiff’s papers (“Carmen Crespo v. City of New York, New York *864 City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority”) conveys the impression that an action against the City, the Transit Authority and MABSTOA is already pending. The caption in a proceeding to amend a notice of claim, or for leave to file a notice of claim, should indicate its correct nature as an application by the petitioner for the specific relief requested. Of course, the different wording of the caption (i.e., not including names of defendants) does not excuse the petitioner from serving the moving papers in a jurisdiction-acquiring manner, on each affected party.

. Given the relationship of the two entities, it may appear unfair to require the giving of separate notices. Fairness, however, must be accorded to all parties. It is no mere technicality that timely service of a valid notice of claim is a condition precedent to an action against a public entity. The statutory mandate was obviously intended to protect the public entity (and indirectly, the public at large) against the proliferation of often baseless, insufficiently investigated claims, which are numerous, costly and difficult to defend. It would be improper, unfair and undemocratic for the court to deliberately ignore a clear and otherwise legal legislative mandate.