Dr. Judith PIESCO, Plaintiff,

v.

The CITY OF NEW YORK, DEPARTMENT OF PERSONNEL, Juan Ortiz, and Nicholas La Porte, Jr., and Edward I. Koch, Defendants.

No. 85 Civ. 9893.

United States District Court, S.D. New York.

Jan. 6, 1987.

complaint is granted. The motion to strike is denied.

## BACKGROUND

In 1982, plaintiff was hired by the City as Deputy Personnel Director for examinations in the Department of Personnel. Plaintiff's duties and responsibilities included overseeing research, development, evaluation and preparation of the tests administered by New York City to prospective candidates and applicants to the New York City Police Department. In 1984, the Department of Personnel began to develop a Police Department entrance examination, known as exam number 4061. This examination was to be administered in or around December, 1984. The Department of Personnel entered into a contract for the research and development of the test with a Dr. Frank Landy, a consultant. The test was developed by Dr. Landy and administered by the City on December, 1984. Subsequent to the administration of the test, plaintiff became aware that the passing grade, previously set for the tests, had been lowered. Plaintiff "formed a professional opinion which disagreed" with the new lower grade set as passing for the test and expressed her opinion to other members of the Department of Personnel.

On or about July of 1985, plaintiff was subpoenaed to appear on July 11, 1985 before a New York State Senate commission, to testify as part of what became known as the Senator Goodman Investigation. While under oath plaintiff answered questions and expressed her opinion that the setting of the score in connection with the exam was seriously deficient in that those applicants who passed the exam, based on the lowered passing grade, would be "extremely risky in terms of cognitive ability." After testifying, plaintiff summarized the substance of her testimony to the press.

Defendant Juan Ortiz was the Commissioner and Director of the New York City

Denise Dunleavy, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corporation Counsel, New York City, Beth G. Schwartz, Paul Marks, of counsel, for defendants.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiff Dr. Judith Piesco, brings this action seeking general and punitive damages for the alleged injuries and indignities she sustained as a result of defendants' conduct. Jurisdiction is predicated under title 28 of the United States Code and principles of pendent jurisdiction.[1] Plaintiff has moved to amend her complaint and to strike one of defendants' affirmative defenses. Plaintiffs' motion to amend her

---

1. Although plaintiff does not state the jurisdictional basis of her state law claims, pendent jurisdiction plainly supports this court's exercise of power. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Department of Personnel. Defendant Nicholas La Porte, Jr., was an Assistant Commissioner and Assistant Director of the Department of Personnel. Plaintiff alleges that as a result of her testimony at the Goodman Investigation, the defendants retaliated against her. These retaliatory acts included the entry of a false and malicious employment evaluation back dated to the 1983 fiscal year, deprivation of a raise by her employer, exclusion from meetings she was required to attend as Deputy Commissioner, and a "gag order" prohibiting plaintiff from communicating with the press. Plaintiff filed this suit on December 19, 1985 alleging causes of action for prima facie tort, intentional infliction of mental distress, and a claim pursuant to 42 U.S.C. section 1983 for infringement of her first amendment right to free speech. She is seeking $500,000 for each cause of action and $500,000 punitive damages. On December 27, 1985, plaintiff's employment was terminated.

Plaintiff served defendants with a summons and complaint on or about December 23, 1985. In their answer, defendants asserted as one of their affirmative defenses, plaintiff's failure to file a notice of claim pursuant to New York General Municipal Law 50–i. On March 25, 1986 plaintiff filed a notice of claim with the Office of the Comptroller of the City of New York. Plaintiff now moves to amend her complaint by adding Edward I. Koch, the Mayor of the City of New York, as a defendant, and by adding a cause of action for wrongful discharge alleging $8,000,000 in damages. Plaintiff also moves to strike defendants' affirmative defense which states that plaintiff's failure to file the notice of claim requires dismissal of her causes of action for prima facie tort, intentional infliction of mental distress and her demand for punitive damages. For the reasons set forth below, plaintiff's motion to amend her complaint is granted. Plaintiff's motion to strike defendants' affirmative defense is denied.

## LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides that a court may allow amendment of pleadings when justice so requires. Although the decision to grant leave to amend is within the discretion of the court, such leave is to be liberally granted. *Forman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the instant motion, plaintiff moves to amend her complaint by adding a cause of action for wrongful discharge and by naming New York City Mayor Edward I. Koch as an additional defendant. Opposing counsel has declined to consent to these amendments.

The Second Circuit has held that Rule 15's instruction of liberal amendment is to be conscientiously observed. *Roloff v. Arabian American Oil Co.*, 421 F.2d 240, 242 (2d Cir.1970). In particular, amendment is to be granted if the plaintiff has "at least colorable grounds for relief" and has not been "guilty of undue delay, or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979).

### A. Wrongful Discharge

■ The plaintiff was discharged from employment approximately one week after the filing of the complaint in this action. Thus plaintiff could not have possibly have raised this claim in her original complaint. The plaintiff acted in good faith and notified the opposing parties of her intent to add the wrongful discharge cause of action within one month of her termination of employment.

In this instance, the proposed amendment would not result in undue prejudice to the defendants. When plaintiff moved to amend the complaint, discovery was still in its earliest stages. Furthermore, the facts and occurences which precipitated this claim, namely the defendants' allegedly retaliatory acts against Dr. Piesco, were already set forth in the initial complaint. Accordingly, leave to amend the complaint to add the wrongful discharge cause of action is granted.

### Mayor Koch as an Additional Defendant

■ Plaintiff also moves to add New York City Mayor Edward I. Koch as a defendant. Koch, as Mayor of New York, is arguably responsible for the conduct complained of. Furthermore, any risk of prejudice to Mayor Koch is minimal. Both the Mayor and the defendants named in the initial complaint are represented by the Law Department of the City of New York. The Law Department was served with a complaint naming Mayor Koch only five weeks after the serving of the initial complaint. The plaintiff did not unreasonably delay in seeking to add Mayor Koch as an additional defendant. Additionally, there is no indication that plaintiff has acted in bad faith or acted in a manner so as to unduly prejudice the opposing parties. Accordingly, leave to amend the complaint to add Mayor Koch is granted.

Such leave, however, is not without a condition. As Judge Weinfeld noted in *Key Pharmaceuticals, Inc. v. Lowey*, 54 F.R.D. 447, 450 n. 7 (S.D.N.Y.1972), a court may fashion reasonable conditions to granting leave to amend. As a condition to the addition of Mayor Koch as a defendant, it is ordered that the plaintiff make herself available for further deposition on the basis of her claim against the Mayor.

### MOTION TO STRIKE AFFIRMATIVE DEFENSE

■ Plaintiff seeks to strike defendant New York City's affirmative defense that plaintiff did not comply with N.Y.S. General Municipal Law section 50–i. Under the Municipal Law's commencement provisions [2] service of a notice of claim is a condition precedent to a lawsuit against a municipal corporation. To fulfill the requirements of the General Municipal Law, plaintiff must file a notice of claim within 90 days from the accrual of the cause of action. Plaintiff must also plead in her complaint that she has served a notice of claim. A further requirement is that the plaintiff must state in the complaint that the notice was served at least 30 days prior to commencement of the action and that in that time defendant neglected to or refused to adjust or satisfy the claim.

Plaintiff argues that these provisions are not applicable to actions brought in Federal Courts, but rather, that Rules 3 and 4 of the Federal Rules of Civil Procedure govern this suit. In ruling on a claim brought under pendent jurisdiction, a federal court is required to apply state substantive law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Under the *Erie* doctrine, *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938), which is applicable to both diversity and pendent jurisdiction, *Hamilton v. Roth*, 624 F.2d 1204, 1210 n. 6 (3d Cir.1980); *see Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139 (citing *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)), a distinction is drawn between procedural and substantive law. In *Erie*, 304 U.S. 64, 58 S.Ct. 817, the Supreme Court held that a court hearing a case predicated on diversity jurisdiction should apply state substantive law. The Court has reasoned that this rule was necessary to discourage forum shopping. *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965). The Court further reasoned that it would be unfair for the character or result of a litigation to materially differ simply because the suit had been brought in a federal court rather than a state court. *Id.* at 467, 85 S.Ct. at 1141.

In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), The Supreme Court expanded on its holding in *Erie*. In *Hanna*, the Supreme Court held that in diversity actions, if there is a "direct collision" between a Federal Rule of Civil Procedure and state procedural law, federal law must control. *Id.* at 472, 85 S.Ct. at 1144. In *Hanna*, the collision was between Rule 4(d)(1) of the Federal Rules

---

**2.** Section 50–i should be read in conjunction with section 50–e of that statute. *See* N.Y.Gen. Mun.Law § 50–i(1)(a) (McKinney 1986).

of Civil Procedure and a Massachusetts state statute governing service of process. Massachusetts law required in-hand service on an executor or administrator of an estate, while Rule 4 permitted service by leaving copies of the summons and complaint at the defendant's home with a person of "suitable age and discretion". Procedurally, the two statutes were in direct conflict.

In ruling that service was to be governed by Rule 4(d)(1) rather than by the state statute, the Court distinguished the case from *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. In *Hanna,* although the Court's choice of law might have affected the outcome of the case, adherence to the state law would have resulted only in changing the manner in which process was served. Importantly, application of federal procedural law under those facts would not have encouraged forum shopping.

Plaintiff asserts that under *Hanna,* sections 50-e and 50-i of the New York State General Municipal Law are not applicable to state claims heard in federal court. The Supreme Court's holding · in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), however, demonstrates that state law must rule in the instant case. In *Walker,* the Supreme Court held that a federal court should follow state law rather than Rule 3 of the Federal Rules of Civil Procedure in determining when an action is commenced for the purpose of tolling a state statute of limitations. In that case, an Oklahoma statute provided that an action was deemed commenced upon service of the summons on the defendant. Rule 3, however, provides that a civil action is commenced by filing a complaint. In *Walker,* the petitioner filed a complaint within Oklahoma's two year statute of limitations but failed to serve the respondent with a summons until after the limitation period. The Court, in applying the Oklahoma statute stated that

where the Federal Rule is not so broad as to cover the points in dispute, *Erie* commands enforcement of state law. The Court noted that Rule 3 simply states that "[a] civil action is commenced by filing a complaint with the court." The court reasoned that there was no indication that the Rule was intended to toll a state statute of limitations. Rather, in diversity cases, Rule 3 simply governs the date from which various timing requirements of the Federal Rules begin to run. The Court held that this was not a "direct collision" within the meaning of *Hanna.* Rather, the Court found that in contrast to the procedural basis of Rule 3, the Oklahoma statute was based upon a "substantive decision by that State that actual service on and accordingly, actual notice by the defendant [w]as an integral part of the several policies served by the statute of limitations." *Id.* at 751, 100 S.Ct. at 1985.[3] The service requirement was an integral part of the statute of limitations. Accordingly, the service rule was deemed "part and parcel" of the statute of limitations. Rule 3 was simply not designed to displace those state those policies. *Id.* Accordingly, finding no direct conflict between the Federal Rule and the state law, the Court applied Oklahoma law.

Applying *Walker* and the policy considerations of *Erie* to this case, the court finds no direct conflict between General Municipal Law sections 50-e and 50-i and Rules 3 and 4. Oklahoma's commencement rule was bound up or "part and parcel" of the state statute of limitations. New York's General Municipal Law's commencement rule is not merely "part and parcel" of New York's statute of limitations but also provides an express statutory condition precedent to bringing a suit against a municipality. Unlike *Hanna,* the statute in question does more than govern the manner in which to commence a suit. The substantive purpose of requiring a notice of claim is to assure the municipality an adequate opportunity to investigate circumstances surrounding allegedly tortious con-

---

**3.** Some of those policies include establishing a deadline after which the defendant may have peace of mind, and freedom from having to

defend old claims. *Walker,* 446 U.S. at 751, 100 S.Ct. at 1985.

duct and to explore the merits of claims while information is readily available. *Leone v. City of Utica,* 66 A.D.2d 463, 414 N.Y.S.2d 412, 416 (4th Dep't 1979); *aff'd,* 49 N.Y.2d 811, 426 N.Y.S.2d 980, 403 N.E.2d 964. The commencement rules were also intended to protect the public entity against the proliferation of often baseless, insufficiently investigated claims, which are numerous, costly and difficult to defend. *Application of Crespo,* 123 Misc.2d 862, 475 N.Y.S.2d 319, 376 n. 4 (Sup.Ct.1984). The rules establish a deadline after which the City may have metaphorical peace of mind in knowing that it need not defend old claims or claims arising from conditions in which it had no opportunity to correct. *Cf. Walker,* 446 U.S. at 751, 100 S.Ct. at 1985. The City should have been afforded an opportunity to investigate, and remedy if necessary, claims of intentional misconduct by its officials. The Federal Rules of Civil Procedure are not so broad as to displace state law in this matter.

Most important, failure to apply state law in this case would contravene the two critical policies underlying *Erie*—the prevention of forum shopping and inequitable administration of the laws. Application of Federal law in this case would allow a plaintiff who fails to comply with New York law, and is thus barred from bringing a state court action, to get a second chance to litigate in federal court. This court declines to fashion a rule which would offend all notions of federalism by displacing New York law and policy whenever a plaintiff suceeds in bringing a state law claim in federal court. This court finds that the commencement provisions of the New York General Municipal Law are applicable to this case.[4]

Accordingly, plaintiff's motion to strike the affirmative defense is denied. Plaintiff may file an application for leave to serve a late notice of claim.

SO ORDERED.

---

**4.** The affirmative defense applies only to the pendent state law claims. *See Laverne v. Corning,* 316 F.Supp. 629, 637 (S.D.N.Y.1970). Plaintiff argues that as she need not file a notice of claim for a federal law claim, she should not be required procedurally to split her claim and file as to the state cause of action. Plaintiff further argues that application of the filing requirement would require her to chose between waiting a "considerable period" before filing a federal complaint or filing her state and federal claims in different courts and at different times.

This court cannot embrace a rule allowing a plaintiff who is not diligent in following state law to subvert that law and its supporting policies by filing a complaint in federal court. Further, plaintiff exaggerates the hardship imposed upon a plaintiff who is required to follow state law by filing a notice of claim and then waiting thirty days to file a complaint. Lastly, any compromise of judicial economy would arise solely from a plaintiff who chose to forgo the option to unify his or her state and federal claims by failing to comply with state law.

Similarly, plaintiff's argument that application of the General Municipal Law would split her complaint into two different actions and dilute the efficacy of Rule 18(a) is equally without merit. Enforcement of state law in the instant case has *de minimus* effect on this liberal joinder of claims rule. Plaintiffs are permitted to join claims so long as state law has been satisfied.

Lastly, plaintiff argues that failure to give notice pursuant to the General Municipal Law has not resulted in prejudice to the defendants. This argument is premature and better suited to a motion to file a late notice of claim.