■ O. L. Bibeau, Respondent, v Barney Ward, Appellant. [596 NYS2d 948] —Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered November 26, 1991 in Rockland County, which, upon renewal, denied defendant's motion for summary judgment dismissing the complaint.

In September 1988 plaintiff and defendant entered into a horse brokerage contract. Pursuant to its terms defendant was to purchase horses on plaintiff's account which were suitable for training as jumping horses, train them and ultimately sell them at a profit. During the period the horses were being trained by defendant, he was contractually responsible for their care and maintenance and was to pay all costs associated therewith. Three horses were purchased under this agreement and matters proceeded without incident until the summer of 1990 when plaintiff became aware that the horses were injured and in need of immediate medical care. In response, plaintiff notified defendant that he was terminating the contract and demanded return of the horses. Evidently they were returned in extremely poor physical condition.

Believing that defendant had breached his contractual obligations by mistreating the horses and supplying them with improper medical care, and believing also that they had been leased out to others in violation of the contract terms, plaintiff commenced this action sounding in breach of contract and fraud. Simultaneous with joinder of issue and prior to conducting any discovery, defendant moved for summary judgment dismissing the complaint. Notwithstanding the questionable sufficiency of defendant's moving papers which contained no more than bare, conclusory allegations that he had performed all his obligations under the contract and that "plaintiff's claim is totally unsubstantiated and without merit" *(see,* CPLR 3212 [b]), Supreme Court granted the motion, citing insufficiency of the evidentiary proof submitted by plaintiff in opposition. Plaintiff then moved to renew and rehear the motion, this time submitting an affidavit from the stable owner whereat defendant was boarding the horses attesting to their poor physical condition and maladies, a letter from the attending veterinarian elaborating on the medical problems of one of the horses, $3,842.01 in veterinary bills, telephone messages and his own affidavit wherein he recorded his extensive equine experience and his observations of the horses upon their return. Supreme Court granted plaintiff's motion to renew and, upon renewal, denied defendant's summary judgment motion. Defendant appeals.

There must be an affirmance. Initially, we perceive no error in Supreme Court's decision to grant plaintiff's motion to renew. Notwithstanding defendant's contention to the contrary, because the additional evidence presented was not before the court previously, plaintiff's application properly was classified as one to renew rather than as reargument *(see, Segall v Heyer,* 161 AD2d 471, 473). Although, concededly, a court may deny a renewal application when, as here, the new facts alleged technically were available to the movant at the time of the original motion, it enjoys broad discretion on such applications and can, in an appropriate case, grant renewal notwithstanding prior availability *(see, Canzoneri v Wigand Corp.,* 168 AD2d 593, 594; *see also, Lesanti v Harmac Indus.,* 175 AD2d 664). In our view that discretion was prudently exercised here. The original motion was made simultaneously with joinder of issue and before plaintiff had a chance to obtain discovery, to conduct depositions, or to develop and marshal his evidence in any organized form. Moreover, plaintiff offered a reasonable excuse for his failure to submit the additional evidence on the original motion *(see, e.g., Foley v Roche,* 68 AD2d 558, 568).

Renewal thus being proper, we agree with Supreme Court that the aforementioned evidence presented in support of the contract claim clearly raised numerous issues of fact regarding the care and treatment of the horses while in defendant's possession. Regarding the fraud claim, while not discussed by the court, we believe that summary judgment properly was denied as to that cause of action as well. Initially we note that contrary to defendant's assertions, the fraud claim states a viable cause of action as pleaded. It is now well established that a party who is fraudulently induced to enter into a contract may join a claim for fraud with one for breach of the same contract *(see, RKB Enters. v Ernst & Young,* 182 AD2d 971, 972; *see also, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954). Although to sustain such a claim the misrepresentations alleged in the pleadings must be more than mere promissory statements about what is to be done in the future and must rise to the level of material misrepresentations of present facts or promises made with a present, albeit undisclosed, intent not to perform them *(see, e.g., Deerfield Communications Corp. v Chesebrough-Ponds, Inc., supra),* a review of the pleadings reveals that these criteria are satisfied here. Plaintiff alleges that at the time defendant represented he would select horses suitable to be trained for competitive jumping, he had no intent of so doing but rather intended to obtain horses suitable to leasing to others and to derive a profit therefrom without plaintiff's knowledge and at his expense. Because it seems evident that the allegations state a valid claim, and it being clear that the conclusory allegations set forth in defendant's initial summary judgment papers are not sufficient to satisfy his initial burden of proof on such motions, in our view summary judgment likewise was properly denied as to this claim. We add only that, under the circumstances, denial of the summary judgment motion regarding the fraud claim should be done without prejudice to renewal at a later date upon the completion of discovery.

Weiss, P. J., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.