**INX INTERNATIONAL INK COMPANY, a Delaware corporation; and Menard, Inc., a Wisconsin corporation, Plaintiffs,**

v.

**DELPHI ENERGY & ENGINE MANAGEMENT SYSTEMS f/k/a AC Rochester, f/k/a A–C Spark Plug, a division of General Motors Corporation, et al., Defendants.**

No. 89–C–834.

United States District Court,
E.D. Wisconsin.

Oct. 11, 1996.

William S. Roush, Jr., Rachel A. Schneider, Davis & Kuelthau, S.C., Milwaukee, WI, for INX International Ink Co., Menard, Inc.

Jerry Maynard, Dykema Gossett, Chicago, IL, Linda Bentley, Legal Department, Detroit, MI, for AC Rochester, General Motors Corp.

Stephen A.K. Palmer, Jenner and Block, Chicago, IL, for Allen Bradley.

Deidre C. Elliott, Vice President & Corporate Legal Counsel, Brown Deer, WI, for Badger Meter.

Thomas C. Krohn, Constantine, Christensen & Krohn, S.C., Racine, WI, for Bardon Rubber Products.

Timothy Strattner, Schellinger & Doyle, Brookfield, WI, for Bel–Aire Enterprises.

Jeffrey A. Schmeckpeper, Vickie Errolwood, Kasdorf, Lewis & Swietlik, S.C., Milwaukee, WI, for Bucyrus–Erie, Wisconsin Centrifugal.

Mr. William Wiseman, O'Neil, Cannon & Hollman, Milwaukee, WI, for Chromium, Inc.

Myra L. Willis, Howard & Howard, Kalamazoo, MI, for Chrysler Corporation.

John A. Affeldt, Affeldt Law Offices, West Allis, WI, for Commercial Heat Treating.

Jeffrey Clark, Steven Bogart, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, s.c., Milwaukee, WI, for Dairyland Buses, Inc., Dickten–Masch Mfg. Co., Dynex–Rivett, Inc., Ehlert Tool Company, Inc., Ewald Automotive Group, Generac Corp., Hall Chevrolet Co., Inc., Harley–Davidson, Inc., Heiser Ford, Holz Motors, Hopson Oil Co., Inc., Hub Chrysler–Plymouth, Interstate Forging Industries, Jack Safro Ford, Inc., Lindberg Heat Treating, Peterbilt of Wisconsin, Russ Darrow Group, Inc., Stark Oldsmobile, Inc., E.A. Swendson, Uptown Motors, Inc., Wilde Pontiac–Cadillac, Wisconsin Coach Lines.

David Norman, Milwaukee, WI, for Richard W. Drexler.

Mr. Edward R. Cameron, Milwaukee, WI, for Ed's Masonry & Trucking, Theodore Fadrow.

Richard W. Cross, Robert Ginther, Cross, Jenks, Mercer and Maffei, Baraboo, WI, for Flambeau Corp.

Mr. William H. Harbeck, Roni Flanery, Quarles & Brady, Milwaukee, WI, for G.E. Medical Systems.

James Bauman, Mallery & Zimmerman, S.C., Milwaukee, WI, for Hankscraft Motors.

Scott J. Campbell, Michael, Best & Friedrich, Milwaukee, WI, for Harnischfeger Industries, Fiberesin Industries, Inc.

Jeffrey S. Meyer, Milwaukee, WI, for Harnischfeger Industries, Inc.

Ms. Jacqueline E. Frakes, Eiche & Frakes, S.C., Milwaukee, WI, for Helmut's Building Service.

Daniel M. Leep, McNally, Maloney & Peterson, S.C., Milwaukee, WI, for Hein–Werner Corp.

Thomas M. Hoban, Hanover, NH, for United Dominion Industries.

Laurie J. McLeRoy, Whyte, Hirschboeck, Dudek, S.C., Milwaukee, WI, for Inland Diesel, Inc.

Mr. Bruce White, James Gitzlaff, Karaganis & White, Chicago, IL, for Jones Dairy Farm, Inc.

Henry Handzel, Richard Lewandowski, DeWitt Ross & Stevens, S.C., Madison, WI, for KCS Industries, Inc., Miller Compressing Co., Milsolv Corp., Milwaukee Valve Co., Inc.

Mr. James Mathie, Mitchell, Baxter & Zieger, Milwaukee, WI, for Kramer International.

Mr. Michael Carlton, von Briesen, Purtell & Roper, Milwaukee, WI, for Layton Motor Sales.

Thomas Duggan, John Lynch, Duggan, Lynch & Fons, Greenfield, WI, for Loomis Center Garage, Vernin Tretow.

Scott B. Fleming, Weiss, Berzowski, Brady & Donahue, Milwaukee, WI, for Lorman Iron & Metal Co., Paul J. Schmit Trucking.

Richard Drexler, Milwaukee, WI, for Lubricants, Inc.

Kenneth R. Landis, Jr., Andrew H. Perellis, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Litton Industries for Magnetek–Louis Allis.

Scott C. Barr, McCarty, Curry, Wydeven, Peeters & Haak, Kaukauna, WI, for Mercury Marine.

Stu Mukamal, Milwaukee, WI, for City of Milwaukee.

John Schapekahm, Milwaukee, WI, for Milwaukee County.

Michael F. Dolan, Jane K. Murphy, Jones, Day, Reavis & Pogue, Chicago, IL, for Nestle Food Company, Nestle Transportation Co., Oconomowoc Packaging.

Byron T. Ball, Hill, Farrer & Burrill, Los Angeles, CA, for Pabst Brewing Co.

Matthew H. Quinn, Racine, WI, for Plastic Parts, Inc.

Mr. Richard E. Schmidt, Fellows, Piper & Schmidt, Milwaukee, WI, for Frank Povlick, Inc.

Karen Schapiro, Godfrey & Kahn, Milwaukee, WI, for RHI Holdings (Rexnord Corporation), Schweiger Industries, Inc.

Craig Nelson, Nelson, Dries & Zimmerman, Brookfield, WI, for Richard Hribar Sand & Gravel.

David I. Cisar, Douglas P. Mann, von Briesen, Purtell & Roper, Milwaukee, WI, for Rubber Products, Inc.

Mark M. Velguth, Steve Compton, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, WI, for Spancrete Industries, Inc.

W. Barton Chapin, Crivello Carlson Mentkowski & Steeves, Milwaukee, WI, for Stroh Brewery Corp.

Michael D. Bannon, DeMark, Kolbe & Brodek, S.C., Racine, WI, for The Triple E Corp.

Arnold F. Lueders III, Milwaukee, WI, for Thurner Heat Treating.

Timothy Burns, U.S. Department of Justice, Environment & Natural Resources Divi-

sion, Washington, DC, for United States Coast Guard.

Jeffrey Leavell, Racine, WI, for Waukesha Rubber Co.

Thomas G. Cullen, Assistant City Attorney, West Allis, WI, for City of West Allis.

Thomas Williams, Palmyra, WI, for Williams Equipment.

Joseph C. Niebler, Sr., Niebler & Muren, S.C., Brookfield, WI, for Wisconsin Machine Tool Corp.

William R. Soderstrom, Fox, Carpenter, O'Neill & Shannon, S.C., Milwaukee, WI, for Wis–Pak, Inc.

Thomas R. Schrimpf, Hinshaw & Culbertson, Milwaukee, WI, for Great American Insurance Company.

Creed T. Tucker, Landau, Omahana, Kopka Ltd., Chicago, IL, for Great Northern Insurance Company, Federal Insurance Company.

Michael J. Cohen, Meissner Tierney Fisher & Nichols, S.C., Milwaukee, WI, for Great Northern Insurance Co., Federal Insurance Co., Employers Insurance of Wausau.

Richard Hagstrom & Daniel Larson, Minneapolis, MN, for Employers Insurance of Wausau.

Mark Rattan, Burditt & Radzius, Chartered, Chicago, IL, for Aetna Casualty & Surety Co.

Mark M. Leitner, Kravit, Gass & Weber, S.C., Milwaukee, WI, for Travelers Insurance Co.

Lawrence Rynning, Williams & Montgomery Ltd., Chicago, IL, for Home Insurance Co.

### DECISION AND ORDER

WARREN, District Judge.

Now before the Court is defendant's, City of Milwaukee, motion to dismiss the plaintiff's Fourth Claim for Relief (Nuisance), Fifth Claim for Relief (Negligence) and Sixth Claim for Relief (Property Damage). For the reasons that follow, the motion by the City of Milwaukee is **GRANTED.**

## I. INTRODUCTION

The underlying cause of action between plaintiffs INX International Ink Company ("INX") and Menard, Inc. and defendants A.C. Rochester, et al. alleges claims pursuant to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), Resource Conservation and Recovery Act (RCRA) and related environmental liability. The plaintiff, in its amended complaint of December 19, 1995, joined the City of Milwaukee as one of a number of defendants. The City of Milwaukee brought this motion to dismiss counts Four (Nuisance), Five (Negligence), and Six (Property Damage) of the amended complaint, claiming a violation of Wis.Stat. § 893.80.

## II. DISCUSSION

### A. *Whether This Court Has Subject Matter Jurisdiction.*

The issue before the Court is whether the Court has subject-matter jurisdiction over the pendent state-law claims. The plaintiff alleges that 28 U.S.C. § 1367 applies. The City of Milwaukee correctly notes that the original complaint in this suit was filed in 1989, before December 1, 1990, the effective date of the statute. Yet, the City of Milwaukee was not added as a defendant until 1995, five years after the effective date of Section 1367.

As the Court discussed in its Decision and Order of August 19, 1996, based upon the motion of Employer's Insurance of Wausau, the Court will consider independently third-party actions filed after the effective date of Section 1367. The Court denied a third-party defendant's motion to dismiss the claim of a defendant against this third-party defendant, on the basis of lack of subject-matter jurisdiction. The Court, in deciding this motion, recognized the leading case in this area: *In re Joint E. & S. Asbestos Litigation,* 769 F.Supp. 85 (E. & S.D.N.Y.1991). *Joint Eastern,* which has been followed in numerous jurisdictions, recognizes that third-party complaints are to be treated separately for purposes of Section 1367. *Id.* at 87; *Interstate Truck Underwriters v. P.F.C. Management Corporation,* No. 1:87–CV–273, 1994

U.S.Dist. LEXIS 12958 (W.D.Mich. August 10, 1994).

The analysis of jurisdiction cannot end here. The plaintiffs were granted leave to amend their complaint and join additional defendants. The City of Milwaukee was added in 1995, as part of the amended complaint. The City of Milwaukee, however, is not third-party defendant, and therefore, the Court's Decision and Order of August 19, 1996 is inapplicable. In the Court's Decision and Order dated March 28, 1995, the Court concluded that the plaintiff's amendment adding new parties should relate back "if not to the time of the original complaint, at least to the time that the plaintiff's request to amend was filed." (Court's Decision and Order, March 28, 1995 at pgs. 14–15.) Obviously, the Court's Decision and Order of March 28, 1995, does not solve the presented issue. The original complaint was filed in 1989, before the enactment of Section 1367; plaintiff's request to amend was filed in December, 1991, after the enactment of Section 1367. The Court, therefore, will turn its attention to the underlying principle of Section 1367, pendent jurisdiction.

■ The plaintiffs brought pendent state law claims. The exercise of pendent jurisdiction in CERCLA claims is favored. *Arawana Mills Co. v. United Technologies Corp.*, 795 F.Supp. 1238, 1248 (D.Conn.1992). In *Arawana Mills,* a landlord was allowed to bring state-law claims pendent to a CERCLA claim. *Id.* Similarly, in *State of N.Y. v. Shore Realty Corp.,* 759 F.2d 1032, 1050 (2d Cir.1985), the court recognized that federal CERCLA and state nuisance claims "clearly derived from a common nucleus of operative facts and the State would ordinarily be expected to try them all in one proceeding." *Id.* (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

Applying that law here, the court can rightfully exercise jurisdiction over the related state-law claims raised by the plaintiffs. The plaintiff's state-law claims of negligence, nuisance, and property damage relate directly to the same case or controversy of the the federal CERCLA claims. Both the federal and state claims derive from a common nu-

cleus of operative fact, and therefore, should be tried in the same proceeding. In addition, the state-law claims are neither so novel nor so complex that pendent jurisdiction need be declined. Therefore, applying the concept of common law pendent jurisdiction, the Court has jurisdiction over the plaintiff's state-law claims.

The Wisconsin Supreme Court has noted that subject matter jurisdiction is conferred by the State Constitution. *Figgs v. City of Milwaukee,* 121 Wis.2d 44, 51, 357 N.W.2d 548, 552 (1984). The Court ruled that statutory conditions or conditions precedent have nothing to do with the subject matter jurisdiction of the circuit court. *Id.* Similarly, the Court here has jurisdiction conferred by a combination of the power of the Constitution of the State of Wisconsin and the principle of pendent jurisdiction, which gives this Court the power to decide the related state-law claims.

**B.** *State Law Must be Used to Determine Whether the Fourth, Fifth and Sixth Claims Against the City of Milwaukee Ought to be Dismissed.*

■ Even though the Court has subject matter jurisdiction over the pendent state-law claims, it is state law, not federal law, that must be applied in determining the outcome of the fourth, fifth and sixth claims. The United States Supreme Court in *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), resolved, that "when a federal court exercises diversity or pendent jurisdiction over state-law claims, the outcome of the litigation should be the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). Therefore, the Court must look at the Wisconsin Statutes and case law to determine whether counts four, five and six, of the plaintiff's amended complaint should be dismissed.

**C.** *State Law Requires that the Fourth, Fifth and Sixth Claims for Relief Be Dismissed.*

■ The applicable statute is Wis.Stat. § 893.80 which states:

**Claims against governmental bodies or officers, agents or employes; notice of injury; limitations of damages and suits.** (1) Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent, or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(a) Within 120 after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney, is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under sec. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency, or to the defendant officer, official, agent or employe; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 after presentation is a disallowance. Notice of the disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter shall be proof of service. No action on a claim against any defendant fire company, corporation, subdivision, or agency, nor against any defendant officer, official, agent or employe, may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

■ The defendant, City of Milwaukee, correctly notes that "[t]he requirements for suing a governmental body must be strictly adhered to." *Schwetz v. Employers Insurance of Wausau*, 126 Wis.2d 32, 35, 374 N.W.2d 241 (Ct.App.1985). In addition, the failure of a plaintiff to comply with the requirements of that statute prior to the commencement of an action against a political subdivision must result in dismissal of that action. *Smith v. Milwaukee County*, 149 Wis.2d 934, 940, 440 N.W.2d 360 (1989). In this case, the plaintiffs have not shown that they attempted to comply with Section 893.80. The record indicates no attempt by the plaintiff to file a notice of claim or an itemized statement of the relief sought, which is necessary pursuant to the applicable state law.

■ The plaintiff does correctly point out, and the defendant concedes, that the proof of claim requirement is overridden by the CERLCA statute for the first, second and third causes of action, those directly relating to the CERLCA claim. The plaintiffs note that, "to the extent that state law purports to release responsible parties from liability for releasing hazardous wastes into the environment, CERLCA preempts state law." *Soo Line R. Co. v. B.J. Carney & Co.*, 797 F.Supp. 1472, 1485 (D.Minn.1992) (citing Comprehensive Environmental Response, Compensation and Liability Act of 1980, § 107(b)(3), as amended 42 U.S.C.A. § 9607(b)(3)). However, this law only applies to the claims raised under federal law. The claims raised under state law do not enjoy the same protection.

■ When a plaintiff brings federal claims, and pendent state-law claims, as here, the state-law claims must comport with state notice requirements. *Piesco v. City of N.Y. Dept. of Personnel*, 650 F.Supp. 896 (S.D.N.Y.1987). In *Piesco*, the Court noted,

failure to apply state law in this case would contravene the two critical policies underlying *Erie*—the prevention of forum shopping and inequitable administration of the laws. Application of Federal law in this case would allow a plaintiff who fails to comply with New York law, and thus is

barred from bringing a state court action, to get a second chance to litigate in federal court.

*Id.* at 901. However, in *Piesco,* the plaintiff was given the opportunity to file an application for leave to serve a late notice of claim. *Id.*

In Wisconsin, when a plaintiff fails to file a "notice of claim" under Section 893.80, the Wisconsin courts interpret its requirements strictly. *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 911 (7th Cir. 1985). Following the lead of the Seventh Circuit, the Court here must also interpret the requirements of Section 893.80 strictly. As to the first, second and third claims for relief, the Wisconsin statutory notice requirement is overridden by the federal CERLCA statute. Claims four, five, and six do not enjoy the same protection, as they are pendent state-law claims. The pendent state-law claims require the filing of a proof of claim and an itemized statement of the relief sought. The plaintiffs have failed to file these documents.

The plaintiffs have also failed, in the alternative, to show that the defendant, City of Milwaukee, had actual notice of claim, and additionally, were not prejudiced by not receiving notice of claim. If the plaintiffs were able to show that these two criterion were met, their claim could stand. *Id.* at 911. In *Orthmann,* the plaintiff first filed his suit in Minnesota court. The Seventh Circuit noted that this served as actual notice of claim. *Id.* The court determined that if:

> Orthmann filed his 1(b) claim against the village, the claim is disallowed, and Orthmann refiles his suit against the village and shows that his delay in providing (by means of the Minnesota suit) notice of his claim was not

prejudicial to the village, then the Wisconsin notice statute would not be a bar to his maintaining the suit.

*Id.* at 911–912. Moreover,

> noncompliance with the written notice requirement does not necessarily bar a claim. The statute provides that actual notice is sufficient to maintain a claim if the plaintiff shows that the governmental unit was not prejudiced. This method of maintaining a claim does not need a time limit because a subjective showing of no prejudice assures that the statute's purpose has been satisfied regardless of when

actual notice is received. This conclusion accords with the plain language of the statute which establishes no time limit for actual notice.

*Nielsen by Johnson v. Town of Silver Cliff,* 112 Wis.2d 574, 580–81, 334 N.W.2d 242 (Wis. 1983). The record here is incomplete on the subject of whether the City of Milwaukee had actual notice of the claim, and more importantly, whether the City was prejudiced by the lack of notice. The plaintiff must prove these facts. *Id.* at 580, 334 N.W.2d 242. If the plaintiffs were able to do so, their fourth, fifth, and sixth claims for relief could stand. However, as plaintiffs have not sufficiently proven these facts at this time, the defendant's motion to dismiss must be granted.

### III.  *CONCLUSION*

Accordingly, **IT IS HEREBY ORDERED** that the City of Milwaukee's Motion to Dismiss with respect to claims four, five, and six is **GRANTED.**