■ JPMORGAN CHASE BANK, N.A., as Trustee for the Registered Holders of ABFS Mortgage Loan Trust 2001-1, Mortgage Pass-Through Certificates, Series 2001-1, Appellant-Respondent, v MICHAEL P. MALARKEY JR., Also Known as MICHAEL PHILIP MALARKEY JR., et al., Respondents-Appellants, et al., Defendants. [884 NYS2d 787]—

Spain, J. (1) Appeal from an order of the Supreme Court (Tait, J.), entered October 25, 2007 in Broome County, which, among other things, granted a motion by defendants Michael P. Malarkey Jr. and Donna Marie Malarkey for partial summary judgment dismissing the complaint against them, and (2) cross appeals from an order of said court, entered September 12, 2008 in Broome County, which, upon reconsideration, adhered to its prior decision.

In 2001, defendants Michael P. Malarkey Jr. and Donna Marie Malarkey (hereinafter collectively referred to as defendants) borrowed $170,000 from American Business Credit, Inc. (hereinafter ABC) and promised to repay the principal with 16.25% interest over 15 years. The loan was secured by mortgages on real property located in Broome County. Defendants failed to make the required payments under the note and mortgages and plaintiff, ABC's assignee, commenced the present mortgage foreclosure action.

Defendants answered and thereafter moved for partial summary judgment dismissing the complaint on the ground that the note and mortgages were usurious. Plaintiff opposed the motion and argued, among other things, that New York's usury statute (*see* General Obligations Law § 5-501) is preempted by the federal Depository Institutions Deregulation and Monetary Control Act of 1980 (hereinafter DIDMCA) (*see* 12 USC § 1735f-7a). Supreme Court granted defendants' motion. Plaintiff moved to renew and reargue the prior motion, pointing to allegedly new facts regarding DIDMCA's applicability and errors in Supreme Court's legal analysis on its initial decision. Supreme Court granted the motion and, upon renewal and reargument, adhered to its original decision. Plaintiff now appeals from both orders, while defendants cross appeal from the second order, to the extent that it granted renewal and reargument.

Beginning with defendants' challenge to the grant of plaintiff's motion to renew, we agree that it should not have been granted. A motion seeking leave "to renew must be based upon newly

discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted" (*Wahl v Grippen*, 305 AD2d 707, 707 [2003]; *see* CPLR 2221 [e]; *Kahn v Levy*, 52 AD3d 928, 929 [2008]). Here, the newly discovered evidence consisted of property assessment information obtained from various government Web sites. Plaintiff failed to meet its obligation as the movant seeking leave to renew to proffer a reasonable excuse as to why that information was not submitted in opposition to the original summary judgment motion (*see Matter of Barnes v State of New York*, 159 AD2d 753, 754 [1990], *lv dismissed* 76 NY2d 935 [1990]; *cf. Bibeau v Ward*, 193 AD2d 875, 876 [1993]; *Segall v Heyer*, 161 AD2d 471, 473 [1990]). Further, we reject plaintiff's suggestion that Supreme Court should have taken judicial notice of these records inasmuch as plaintiff never requested that notice be taken (*see Walton v Stafford*, 14 App Div 310, 313-314 [1897], *affd* 162 NY 558 [1900]). We now turn to the merits and consider them based upon the evidence that was before the court at the time of the original order granting summary judgment.

No dispute exists that the 16.25% interest rate on ABC's loan to defendants is usurious under New York law (*see* General Obligations Law § 5-501 [1]; § 5-511 [2]; *see also* Banking Law § 14-a [1]). Instead, plaintiff argues that Supreme Court erred in granting defendants partial summary judgment because questions of fact existed as to whether DIDMCA preempted New York usury law with regard to that loan. State usury laws are preempted by DIDMCA with regard to any loan which: (1) was secured by a first lien on residential real property; (2) was made after March 31, 1980; and (3) meets the definition, with certain qualifications, of a federally related mortgage loan (*see* 12 USC § 1735f-5 [b]; § 1735f-7a [a] [1]; *see also* Banking Law § 14-a [7]). No dispute exists as to the applicability of the first two elements. As relevant here, to satisfy the third element, the loan at issue must have been "made in whole or in part by any 'creditor', . . . who makes or invests in residential real estate loans aggregating more than $1,000,000 per year" (12 USC § 1735f-5 [b] [2] [D]; *see* 12 USC § 1735f-7a [a] [1] [C]).

At issue, therefore, is whether plaintiff demonstrated that it made or invested more than $1,000,000 in residential real estate loans in 2001. Plaintiff submitted proof of six notes demonstrating loans made by ABC totaling in excess of $1,000,000 but, in opposition to defendants' motion, it provided no evidence that these loans were secured by mortgages on residential real estate.

None of the mortgages expressly states that the mortgaged property is residential in nature. Further, three of the six loans were to corporate entities, one of which expressly states that it is a "commercial loan." This is consistent with the financial records of ABC's parent company, American Business Financial Services, Inc. (hereinafter ABFS), which state that ABC "offers business purpose loans secured by real estate."

Plaintiff also relies on ABFS's 2001 and 2002 earnings reports which demonstrate that ABC itself had three subsidiaries, two of which originated over $1,000,000,000 in home equity loans in the fiscal years ending June 30, 2001 and June 30, 2002. Even assuming that ABC can properly be considered a creditor with regard to investments it made in loans actually made by its subsidiaries, we find no reason to depart from "the general rule in this [s]tate that in no legal sense can . . . the business of a subsidiary corporation be said to be that of a parent" (*Connecticut Gen. Life Ins. Co. v Superintendent of Ins. of State of N.Y.*, 10 NY2d 42, 50 [1961]). As the two are distinct entities, "[a] corporate parent which owns the shares of a subsidiary does not . . . own or have legal title to the assets of the subsidiary" (*Dole Food Co. v Patrickson*, 538 US 468, 475 [2003]). Moreover, "a corporation cannot pierce its own corporate veil to benefit either the parent or a subsidiary" and there is no obvious reason to allow plaintiff to do so on ABC's behalf (*Matter of Disston Co. [Aktiebolag]*, 187 AD2d 283 [1992], *lv dismissed* 81 NY2d 835 [1993]). Given the lack of any proof that ABC specifically invested in the mortgage assets of its subsidiaries or otherwise had some right to claim them as its own, we hold that plaintiff failed to raise a question of fact as to whether federal preemption applies in this case.

Finally, although we find that Supreme Court acted within its sound discretion in granting plaintiff's motion to reargue (*see Peak v Northway Travel Trailers*, 260 AD2d 840, 842 [1999]), we reject plaintiff's contention that the court should have departed from its original disposition. Indeed, the court initially applied the wrong standard to determine DIDMCA preemption; specifically, the court indicated that the $1,000,000 aggregate loan amount be of loans that are first liens on residential real property where, in fact, only the loan at issue needs to be, as here, a first lien (*see* 12 USC § 1735f-5 [b] [2] [D]; § 1735f-7a [a] [1] [A]). However, upon reargument and applying the correct standard, the court properly adhered to its decision. Given that plaintiff only demonstrated that reargument, and not renewal, was appropriate, the court had no power to consider additional facts (*see Phillips v Village of Oriskany*, 57 AD2d 110, 113

[1977]; *see also* CPLR 2221 [f]). Accordingly, the new information provided by plaintiff with regard to loans made by ABC cannot be considered and, as discussed above, we find that plaintiff did not raise a question of fact as to whether ABC made or invested in over $1,000,000 of residential real estate loans per year, first liens or otherwise.

Cardona, P.J., Rose, Kane and Garry, JJ., concur. Ordered that the order entered October 25, 2007 is affirmed, with costs to defendants Michael P. Malarkey Jr. and Donna Marie Malarkey. Ordered that the order entered September 12, 2008 is modified, on the law, by reversing so much thereof as granted plaintiff's motion for renewal; motion denied; and, as so modified, affirmed.